JOSEPH BARRON et al. *vs.* BART E. SMITH, Register of Wills.

*Constitutional Law— Title of Statute Amending Code—Validity of Statute Relating to Appraisers in Probate Proceedings.*

A provision in the Code of Public General Laws may be repealed, so far as it relates to a territorial division of the State, by a statute making reference in its title to the Article and section of the Code, and such statute is not in conflict with Constitution, Art. 3, sec. 29, which prescribes that no law shall be amended by reference to its title and section only.

The title of the Act of 1908, ch. 118, is as follows: "An Act to repeal section 205 of Article 93 of the Code of Public General Laws (as said section stands in the Code of 1904), title 'Testamentary Law,' sub-title, 'Inventory and List of Debts,' so far as said section applies to the city of Baltimore; and a new section to Article 4, of the Code of Public Local Laws, title, 'City of Baltimore,' sub-title, 'Register of Wills,' to follow section 354 and to be designated as section 354A." In the body of the Act the provision of the Code relating to the appointment of appraisers of the estates of decedents was repealed, so far as Baltimore City is concerned, and provision was made for the appointment of appraisers of such estates by the Register of Wills of said city and for their salaries and terms of office. *Held*, that the subject matter of Act is described in the title, and that it is consequently not in conflict with Constitution, Art. 3, sec. 29, which provides that the subject matter of every law shall be described in its title.

The Act of 1908, ch. 118, directs that the Register of Wills of Baltimore City shall appoint four general appraisers for that city to appraise the estates of decedents, and that such appraisers shall receive a fixed salary to be paid out of charges made against such estates appraised as now allowed by law. *Held*, that the Act does not prescribe that all four appraisers shall serve in the appraisement of each estate, but the meaning of the Act is that two of these appraisers shall be designated by the Register to serve in each particular case according to the then existing usage and law.

*Decided June 25th, 1908.*

Appeal from the Circuit Court No. 2, of Baltimore City (GORTER, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, WORTHINGTON and HENRY, JJ.

*William S. Bryan, Jr.,* (with whom was *Harry Hechheimer* on the brief), for the appellant.

The only question here to be enquired into is: Did the draughtsman of the Act have sufficient legal knowledge to accomplish the mischief he had in view, and to place his handiwork in a form which gratifies the requirements of the Constitution?

It is respectfully maintained on behalf of the appellants that this Act is a nullity, for the following reasons:

(*a*) It is impossible of execution. No one reading the Act

can tell what charge the four appraisers are to make against the estates of deceased persons appraised by them.

(*b*) The title of the Act is defective in that it is misleading. It does not fairly describe the subject of the Act.

(*c*) The first section of the Act is in effect an *amendment* of section 205 of Article 93 of Code of Public General Laws by providing that it shall not hereafter apply to Baltimore City, and, therefore, could not be made by a mere reference to the section of the law to be amended.

When the Act provides that there shall be *four* appraisers and then that the *said* appraisers shall appraise the effects of a deceased person, it, according to the ordinary and plain meaning of the words used, requires that *all four* of these appraisers shall take part in the appraisement of *each* estate.

When a power is given to *four* persons, no lawyer could imagine that it could be executed by *two* or *three* of them.

There is no statute law fixing the charges to be made by these appraisers. Section 207 of Article 93 of the Code of 1904 (being Section 205B of Article 93 of the Code as enacted by ch. 155 of the Acts of 1890) does in terms *not* "apply to the Orphans' Court or Register of Wills of the city of Baltimore."

The only regulation prescribing the compensation for appraisers of Baltimore City is Rule No. 10 of the Orphans' Court.

Assuming for the sake of argument that compensation fixed by a rule of the Orphans' Court can be described as a charge "now allowed *by law*," it is submitted that this rule can not be construed as fixing the charges to be allowed the *four* appraisers provided for by this Act for doing the work required by them, because the rule was never *intended* to apply to such a situation. The rule meant the same thing when it was promulgated in 1877, that it means now. It then fixed the compensation to be paid *two* men who were to conduct the appraisement. It authorized these *two* men, for each day they were engaged in an appraisement, to charge and receive from the executor or administrator so served three dollars *cach*.

It can not, with due regard to the meaning of words be claimed that this rule means that *four* men are to receive from the decedent's estate, *a dollar and a-half* each for doing the same work, nor can it be claimed that the rule intended that the *four* appraisers were *each* to receive three dollars from a decedent's estate for each day's work, so that where the cost of an appraisement in Baltimore City had formerly been six dollars it shall hereafter cost twelve dollars. If the Act is to bear this last construction it would be clearly invalid because there is nothing in the title to the Act to cause any one to even *suspect* that the cost of administering on estates was to be increased.

But it is maintained that no one can tell what the Act meant to prescribe as the compensation for the four appraisers provided for by it. Possibly this was because the draughtsman of the Act was not aware of the condition of the statutory law on the subject, and also because he had, when he drew the Act, no very clearly defined ideas as to what he wished to provide for. If the meaning of an Act of Assembly can not be ascertained, the Act, like any other written paper of which the meaning can not be ascertained, is void for uncertainty. *Storck* v. *Baltimore City*, 101 Md. 482; *State* v. *Tag*, 100 Md. 593; *Campbell's Case*, 2 Bland 209–231; *U. S.* v. *Cantrill*, 4 Cranch, 167; *State* v. *Street Ry. Co.*, 146 Mo. 168.

It is a fundamental rule that the title of an Act of Assembly must not be misleading. *State* v. *German Savings Bank*, 103 Md. 200–201; *Kafka* v. *Wilkinson*, 99 Md. 238, 241; *Christmas* v. *Warfield*, 105 Md. 542, 545; *Luman* v. *Hitchens*, 90 Md. 23; *Whitman* v. *State*, 80 Md. 416; 1 *Lewis Sutherland on Statutory Construction*, sec. 125; 26 *Am. and Eng. Encyclop. of Law* (2 ed.), 581, 582.

Any one reading the title of this Act would learn that a new section was intended to be added to the City Charter (Article 4, Code Public Local Laws) to follow section 354 and to be designated as section 354A. If he then looked at section 354 of the City Charter he would see that it contained

provisions in regard to the approval by the Judges of the Orphans' Court *of the bond of the Register of Wills.* He would also see that section 355 of the City Charter *also concerned the bond* of the Register of Wills. Neither of these sections had anything whatever to do with the appointment of appraisers or with conferring any patronage whatever upon the Register of Wills. Any enactment in a section of the City Charter to come in between sections 354 and 355 would be naturally assumed to be germane to the subject-matter of these two sections and to have reference to the bond of the Register of Wills, and if the subject-matter of the Act were not germane to the subject-matter of these two sections, then reference in the title of the Act to one of them did not describe the subject of the Act, and was misleading. *State* v. *German Savings Bank,* 103 Md. 201.

Section 29 of Article 3 of the State Constitution also provides: "And no law, nor section of law, shall be revived or *amended* by reference to its title or section only."

When this Act attempts to provide "that section 205 of Article 93 of the Code of Public General Laws, title 'Testamentary Law,' sub-title 'Inventory and List of Debts,' be and the same is hereby repealed *so far* as the same applies to the city of Baltimore," it in effect *amends* that section of the Code, just as it would do if it provided that that section should not apply to the city of Baltimore.

A section of the Code it is true can be *repealed* by a reference to its section or title only (*County Commissioners* v. *Meekins,* 50 Md. 44). But a repeal of a section of the Code wipes it out of existence. It does not merely modify or change the scope of its operation.

Any ordinary person would say that a statute providing that a specified section of the Code should not apply in a given political division of the State *amended* the specified section of the Code. And in the Constitution words have their popular meaning. *State* v. *Mace,* 5 Md. 350.

The provision of the Constitution that no law can be revived or amended by reference to its title or section requires, that

the law as it will read *after amendment* shall be set out in the Amendatory Act. *Cooley on Constitntional Limitations*, 182. Therefore section 1 of this chapter 118 amending section 205 of Article 93 of the Code by restricting its operations to the counties by reference to the section only is invalid.

*Isaac Lobe Straus*, for the appellee.

The provision authorizing the appraisers to make "the charges therefor now allowed by law" does not in any way whatever render the Act "impossible of execution."

Under the *law* as it has existed in Baltimore City since 1877 the charges for appraising personal property in the Orphans' Court have been definitely ascertained, that is to say: "For every day or fraction of a day necessarily occupied in reviewing, examining and valuing the articles to be included in the inventory, etc., they shall be entitled to charge and receive from the executor or administrator so served, three dollars each; and for the preparation of said inventory, etc., they shall be entitled jointly to charge, etc., ten cents for every hundred words, etc.

The Legislature is presumed to have known and no doubt in point of fact did actually know what these well ascertained and long established charges were and it had a clear right, which no one would think of challenging, to provide that the charges to be made by the new appraisers should be those "*now* allowed by law." That is certain which may be rendered certain. And statutes will be construed *ut res magis valeat quam pereat*. The Courts will so construe a statute as to make it constitutional; there being a presumption that the Legislature did not mean to pass an unconstitutional or nugatory act. *Temmick* v. *Owings*, 70 Md, 251; *Parker* v. *State*, 99 Md. 189, 200; *Gordon* v. *M. & C. C.*, 5 Gill, 241; *Hooper* v. *California*, 155 U. S. 659; *Fout* v. *Commrs.*, 105 Md.. 545.

Nor does the provision of the Act in question require that the expense of appraisement shall necessarily be greater than under the old system of only two appraisers. "The charges

therefor now allowed by law" may and no doubt do mean the *aggregate* charges, that is to say, *six* dollars per day for the four new appraisers.

The Legislature might well have thought that four apppais-ers for the Court of probate and administration of a large city of over six hundred thousand persons would give better service than only two appraisers. And the provisions of the Act in reference to monies and salaries will,almost without any doubt, add to the revenues of the State. The general policy of the Act is good. It is in line with reform and progressive legislation, now being adopted all over the Union, which is wisely sub-stituting fixed salaries for the fee system of compensating public officials.

The Legislature of Maryland deemed it wise to do this with reference to the recompense of the appraisers in the Or-phans' Court of Baltimore City. It was exclusively within its province to do so.

HENRY, J., delivered the opinion of the Court.

This is an appeal from a suit in equity, brought by the ap-pellants, Joseph Barron and Emil H. Goetzke, in Circuit Court No. 2 of Baltimore City, against Bart. E. Smith, Register of Wills of said city, the appellee, praying that the defendant may be enjoined from carrying into effect the provisions of chapter 118 of the Acts of 1908 of the General Assembly of Maryland. The bill of complaint, the demurrer thereto, the agreement of counsel were all filed on the same date, and the avowed object of the suit is to have this Court decide upon the validity of the aforesaid chapter 118 of the Acts of 1908.

The bill of complaint, with the amendment thereto, alleges that the said Joseph Barron and Emil H. Goetzke are each of them a taxpayer in Baltimore City, and that for a long time past they have been appointed and selected by the Orphans' Court of Baltimore City as the persons to whom shall be issued the warrants for the appraisal of the estates of deceased persons under the provisions of sections 204 to 213 of Article 93 of the Code of 1904, and that a great number

of such warrants are now in their hands unexecuted, but which will shortly and in due course be executed unless the said orators are interfered with by the defendant; the bill then recites the passage of chapter 118 of the Acts of 1908, and states that the said defendant threatens to appoint, and will attempt to appoint under the provisions of said chapter 118 of the Acts aforesaid, four appraisers, who will attempt to interfere with the plaintiffs in the appraisement of the estates of deceased persons for which warrants have been issued, as well as in the appraisement of estates of deceased persons for which warrants may hereafter be issued to the said plaintiffs; the bill alleges that the said chapter 118 of the Acts of 1908 is invalid on account of its defective title and also because the said Act is unintelligible and impossible of execution, and also because it is in conflict with the Constitution of the State of Maryland.   The bill also sets forth in full Rule No. 10 of the Orphans' Court of Baltimore City, which, it is conceded, was passed by virtue of proper statutory authority, and is the only regulation prescribing the compensation of appraisers in Baltimore City, the first section of which, being the only one pertinent to the question at issue, reads as follows:

"For the time and labor by them, necessarily occupied and expended in and about the inspection, valuation and appraisement of the goods, chattels and personal estate of a decedent and the making of an inventory thereof in conformity with the requirements of the statute law the appraisers shall be entitled to compensation as follows: that is, to say, for every day, or fraction of a day, necessarily occupied in reviewing, examining and valuing the articles to be included in the inventory, exclusive of the time employed in writing out the inventory in form to be delivered by them to the executor or administrator in order to its return to the proper officer, as required by law, they shall be entitled to char,ge and receive from the executor or administrator so served three dollars each; and for the preparation of the said inventory in form for delivery and return, as aforesaid, they shall be entitled jointly to charge and receive from the same, ten cents for every o ne hundred words thereof, including necessary recitals and certificates, to be divided between them in equal shares."

To the bill of complaint the defendant filed a demurrer,

alleging that it is insufficient in law because chapter 118 of the Acts of 1908 is a valid and effective Act of the General Assembly of Maryland.

An agreement between counsel was filed in the case, waiving any objection to the suit because brought in equity instead of in an appropriate action of law.

The demurrer to the bill of complaint having been sustained by the Court (GORTER, J.); from the order sustaining the demurrer and dismissing the bill the plaintiffs entered an appeal to this Court.

Chapter 118 of the Acts of 1908 reads in full as follows:

"An Act to repeal section 205 of Article 93 of the Code · of Public General Laws (as said section stands in the Code of 1904), title 'Testamentary Law;' sub-title 'Inventory and List of Debts,' so far as said section applies to the city of Baltimore, and a new section to Article 4 of the Code of Public Local Laws, title 'City of Baltimore;' sub-title 'Register of Wills,'" to follow section 354 and to be designated as section 354A.

Section 1. Be it enacted by the General Assembly of Maryland, that section 205 of Article 93 of the Code of Public General Laws, title, 'Testamentary Laws,' sub-title, 'Inventory and List of Debts' be, and the same is hereby repealed so far as the same applied to the city of Baltimore.

Section 2.—And be it enacted that a new section be and the same is hereby added to Article 4 of the Code of Public Local Laws, title, "City of Baltimore," sub-title, "Register of , Wills," to be designated as section 354A, to immediately follow section 354 of said Article and to read as follows:

Section 354A.—The Register of Wills of Baltimore City shall immediately after the enactment of this bill into law appoint four general appraisers to appraise the goods, chattels and personal estate of all estates under administration in the Orphans' Court of Baltimore City, who shall serve the entire term of the present Register of Wills unless their places shall become vacant by removal from cause, death, resignation or otherwise; and thereafter, when any other Register shall be elected or appointed, he shall in like manner appoint four appraisers for his full term of office. The said appraisers shall appraise the goods, chattels and personal estates of all decedents under administration in the Orphans' Court of Baltimore City, and shall in each case make the charges therefor now allowed by law and certify the same to the Register of Wills;

they shall receive an annual salary of sixteen hundred dollars each, to be paid by said Register out of the fees of the office returned by said appraisers.   The said Register shall keep an accurate account of all the monies received for such appraisement, and shall account for and pay the same except the amount required to pay the salaries of said appraisers into the State Treasury, as he is now required by law to account for and pay other monies for which he is accountable to the State.

Section 3.—And be it enacted that this Act shall take effect from the date of its passage."

The appellants contend that this Act is a nullity for the following reasons:

(1) That the first section of the Act is in effect an amendment of section 205 of Article 93 of the Code of Public General Laws, and, therefore, could not be made by a mere reference to the section only.

(2) That the title of the Act is defective as being in conflict with section 29 of Article 3 of the Constitution of the State, which provides, in part, that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

(3) That the Act is unintelligible and impossible of execution.

Concerning the first of the objections to the validity of the Act, we cannot agree with the argument of the appellants' counsel.   The insertion of additional provisions in the body of a section, the expunging of phrases, clauses or sentences therefrom, the alteration or substitution of words by mere reference to the place in the old law where the change should be introduced, would require an examination of the former act and a comparison with it of the new act, in order to understand the change, entailing confusion and uncertainty, particularly after repeated amendments in such manner, when it would be difficult to determine the state of the law.   It was to guard against such methods of amendment as this that the Constitutional requirement was adopted, providing that "no law, or section of law, shall be revived or amended by reference to its title or section only; and it shall be the duty of

the General Assembly in amending any article or section of the Code of laws of this State, to enact the same as the said article or section would read when amended." *Sutherland on Statutory Construction*, section 131; *Cooley's Constitutional Limitations*, section 181.

The first section of chapter 118 of the Acts of 1908, is, in our judgment, a partial repeal of the existing law and not an amendment that comes within the meaning of the Constitutional provision above referred to.

The right to repeal a law by reference to its title or section only, is not questioned, and if a total repeal is properly accomplished in this manner, we can see no reason why a repeal of this section, as affecting a certain political and territorial division of the State, cannot be regularly made in the same way.

By a long series of decisions, running through half a century, this Court has given a liberal construction to the provision of section 29, Article 3, of the Constitution of the State, which says "that every law enacted by the General Assembly shall embrace but one subject and that shall be described in its title," the disposition being always to uphold rather than to defeat an Act of the Legislature, and this principle is in harmony with those laid down by standard text books on the same subject. *Cooley's Con. Lim.*, fol. 175 and 216.

But we do not think it necessary to invoke this principle of liberal interpretation in order to hold that the title to the Act under consideration fully gratifies the constitutional provision.

While the Act repeals a section of the Code of Public General Laws, so far as the same may apply to Baltimore City, and then adds a new section to the Code of Public Local Laws for said city, yet it is but one Act, with one title, dealing with the same subject as applicable to the same city, and the whole title must be considered together. In doing this, we think that portion of the title which refers to the repeal of the section of the Public General Laws can be taken to aid in throwing light upon the subject to be dealt with in the new section to be added to the local Code for Baltimore City, and an examination of the section to be repealed would indicate to the mem-

bers of the Legislature and to the public that the matter of
the appointment of appraisers for Baltimore City was to be
dealt with by a provision in the local Code for said city.
Moreover, the title places the new section under the sub-title,
"Register of Wills" in the local Code, and while it might have
been more aptly located at the end of the sections under such
sub-title rather than betwixt two sections dealing with the
bond of the Register of Wills, yet the subject of the new sec-
tion, as well as of those between which it is placed, concerns
the duties, or powers, or obligations of the said officer, the
appointment of appraisers being but one of such duties.   As
section 205 of Article 93 of the Code of Public General Laws
provides for the appointment of appraisers of the estates of
decedents for the entire State, including Baltimore City, either
by the Orphans' Court or the Register of Wills for the City or
counties, as the case may be, a new section in the local Code
intended to supplant the general law, in providing that the
Register of Wills for said city shall hereafter exclusively ex-
ercise the power of appointment of appraisers, and in prescrib-
ing the number, the duties and compensation of such apprais-
ers is, in our opinion, entirely germane to the subject as indi-
cated by the title to the Act.   *Balto.* v. *Reitz*, 50 Md. 574;
*County Commissioners* v. *Meekins*, 50 Md. 28; *Fout* v. *Freder-
ick Co* 105 Md. 545.

In the case last cited, the Court has fully stated certain gen-
eral principles which must be considered when it is asked to
strike down a legislative Act and it is unnecessary to repeat
them here.

While the Act increases the number of appraisers for Bal-
timore City from two to four, it does not follow that it was in-
tended that all four of these appraisers should serve in the ap-
praisement of every estate.   The law says that the Register
of Wills shall appoint four general appraisers, and we think
that emphasis may be laid upon this word "general" in order
to distinguish from the special appraisers who may be selected
to serve for any particular estate.

When we consider that from time immemorial it has been

the practice in Maryland for two persons to appraise the es-
tates of deceased persons, we do not think the Legislature
would have changed this method, without in specific terms, so
declaring, but think in order to accommodate so large and
populous a territory as Baltimore City and to facilitate the trans-
action of business therein, it was intended by the Act that four
general appraisers should be appointed and that from this
number two should be designated by the Register of Wills to
serve in particular cases.

By holding this to be the proper construction of the Act,
all difficulty disappears as to the amount to be charged by the
appraisers for the services rendered by them. The Act intro-
duces a new scheme for the compensation of these officials by
substituting an annual salary in lieu of paying a stated per
diem to each of them. Under this Act, the salary is fixed at
$1,600 a year, and no more, and in order to create a fund out
of which these salaries are to be paid a charge is to be made
against every estate, being the amount now allowed by law,
which under the rule of the Orphans' Court above quoted, is
$6 per day, or portion of a day, together with the charge fixed
in the rule for making out the inventory in proper form.
This amount is to be certified to the Register of Wills for
collection by him from the administrator or executor of every
decedent whose estate is appraised under authority of the Act
in question.

The other provisions of the Act are clear, and we deem it,
as an entirety, intelligible and capable of execution.

For the reasons above mentioned, the decree appealed from
must be affirmed.

*Decree affirmed with costs.*