## ISAAC S NUTWELL *vs.* THE COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY.

*Res Judicata—Constitutional Law—Title of Act Held to Be in Violation of Constitution, Art. 3, sec. 29—Invalidity of One Part of Act Rendering Invalid the Whole.*

The fact that a party was fined for violating the provisions of a statute, and did not apply for a writ of certiorari on the ground that the statute was unconstitutional, does not preclude him from afterwards contesting the validity of the statute in a civil proceeding.

The title of the Act of 1908, Ch. 672, is: "An Act to add two new sections to Art. 2, of the Code of Public Local Laws, title, Anne Arundel County, sub-title, Roads, so as to require all owners of vehicles using public streets and roads in Anne Arundel County to have a license therefor." In the body of the Act it was provided that it should not be lawful to run upon any of the streets and roads in that County a vehicle of any description, except ox-carts, horse carts, farm wagons, milk wagons, without having first obtained a license at the rates fixed. The Act also provided that the owners of the vehicles so licensed should be exempted from the payment of any other tax upon them. *Held,* that the title of the Act is inadequate and misleading, because it indicates that all owners of vehicles shall take out licenses, while the Act itself exempts a large class of vehicles; and also because there is nothing in the title to show that the vehicles licensed are to be exempt from all other taxation, and that consequently the Act is invalid, as it is in conflict with Constitution, Art. 3, sec. 29, which provides that the subject-matter of every law shall be described in its title.

*Held,* further, that the tax exemption clause of the Act is so inseparably connected with the other parts that the invalidity of that clause renders invalid the whole statute.

*Decided per curiam May 20th, 1909.* The following opinion was filed *June 30th, 1909.*

Appeal from the Circuit Court for Anne Arundel County (Thomas. C. J., Brashears and Forsythe, JJ.)

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke, Worthington and Henry, JJ.

*Robert Moss,* for the appellant.

*James W. Owens,* for the appellees.

Burke, J., delivered the opinion of the Court.

The County Commissioners of Anne Arundel County, under the authority supposed to have been conferred upon them by the Act of 1908, Chapter 672, struck from the tax books of that county certain vehicles the owners of which had taken out a license as provided by that Act. The appellant, a resident and tax payer of Anne Arundel County, filed a petition for a mandamus in the Circuit Court for that county in which he alleged that the striking of this large amount of personal property from the tax books of the county would materially lessen the taxable basis, and greatly increase the amounnt of taxes to be paid by the petitioner and other tax payers of the County, as the fund arising from the licenses issued to owners of vehicles is to be applied under the Act exclusively to the road tax, and the vehicles so licensed are exempt by the Act from taxation for County, State and School purposes. The petition prayed that a writ of mandamus might be issued directed to the County Commissioners directing them to restore to the assessment books of the tax payers named in the petition the specific property which they had stricken therefrom. The ground upon which the petitioner rests his right to mandamus is that the Act of Assembly is unconstitutional.

The defendants answered the petition and admitted that they had stricken from the tax books the property specified, and asserted the validity of the Act of 1908, Chapter 672, under which they acted. They further averred in their

answer that the appellant refused to take out the license required by the Act, and was arrested; that he prayed a jury trial, and that thereafter he made a motion in the Circuit Court for Anne Arundel County to quash the writ; that the Court held the Act valid and dismissed the motion to quash.

It is contended that as no appeal was taken by the appellant from the decision dismissing the motion to quash which was based upon the alleged unconstitutionality of the Act, the question as to the validity of the Act, so far as the petitioner is concerned, is *res adjudicata.* It is maintained that it was the duty of the petitioner, if he decided to have the constitutionality of the Act passed upon by this Court to have presented the question here on appeal from the refusal of the Court to grant the motion to quash, and inasmuch as he failed to appeal within the time allowed by law, he is now concluded by the judgment of the lower Court. But this Court would have had no jurisdiction to determine the constitutionality of the Act on an appeal from that judgment. *Rayner* v. *State,* 52 Md. 368; *Judefind* v. *The State,* 78 Md. 510; *Roth* v. *The State,* 89 Md. 524. In *Judefind's Case, supra,* the plaintiff in error had been tried, convicted, and fined by a Justice of the Peace for violating the provisions of the law prohibiting working on Sunday. He appealed to the Circuit Court for Kent County, and was convicted and fined five dollars and costs by that Court. From that judgment he appealed to this Court upon the ground that the law under which he was convicted was unconstitutional. A motion was made by the Attorney-General to dismiss the appeal, because no writ of error lies to this Court from the decision of the Circuit Court on an appeal to it from a judgment of a Justice of the Peace. The Court speaking through Judge Boyd said: "That motion must prevail. It is well settled in this State that when the Circuit Court has jurisdiction to hear and decide an appeal from a Justice of the Peace its decision is final, and an appeal or a writ of error to this Court will not lie, unless of course the statute authorizes such an appeal or writ of error to this Court. If the traverser desired to con-

test the constitutionality of the law under which he was arrested, and have that question properly presented for the consideration of this Court, he could have applied for the writ of *certiorari* upon the specific ground of the unconstitutionality of the law, and the consequent want of power and jurisdiction of the Justice of the Peace to proceed under it. This Court could then have reviewed the judgment of the Circuit Court on an appeal or writ of error. Nor can we review the decision of the Circuit Court on the question of the alleged defects on the face of the warrant and bond."

While the decision of the Circuit Court upon the motion to quash is final and conclusive upon the appellant so far as the proceedings in that matter are concerned, because that Court had jurisdiction to hear and determine the questions raised by the motion, and whether it decided rightly or wrongly its judgment could not be reviewed by this Court upon appeal; but any decision as to the validity of the Act cannot deprive this Court of the jurisdiction to decide upon the constitutionality of the Act in a civil case properly before us in which other parties are concerned.

We will now consider the main question in the case, which is this: Does the title of the Act of 1908, Chapter 672, sufficiently describe its subject-matter as required by section 29, Article 3 of the Constitution of the State? The title of the Act is: "An Act to add two new sections to Article 2 of the Code of Public Local Laws, title 'Anne Arundel County,' sub-title 'Roads,' so as to require *all owners of vehicles using public streets and roads in Anne Arundel County* to have a license therefor." Section 1 adds two new sections to Article 2 of the Code of Public Local Laws, title Anne Arundel County, to follow immediately after section 203 x to be known as sections 203 y and 203 z. Section 203 y declares that it shall not be lawful to run, or suffer to be run upon any of the streets and roads in Anne Arundel Counnty a vehicle of any description whatsoever, except *Ox Carts, Horse Carts, Farm Wagons, and Milk Wagons,* without first having obtained from the Clerk of the County Commissioners of Anne

Arundel County a license at the rates fixed. It then provides that the money collected from such licenses, and from fines paid for violation of the Act, shall be expended upon the public roads and streets in the district in which the owner of the vehicle resides. Section 203 z, after making certain provisions requiring the license to be attached to the vehicle and conferring the power to transfer the license, *exempts the owner of the vehicle so licensed from the payment of any other tax upon the same.* It makes the violation of the Act a misdemeanor, and upon a conviction therefor directs that a fine not exceeding five dollars and costs of prosecution shall be imposed.

The object of the constitutional provision to which we have referred has been frequently considered by this Court.

Cases are so numerous and a number of them so recent that it is unnecessary to discuss them in this opinion. We will rest our decision in this case upon the cases of *Kafka* v. *Wilkinson,* 99 Md. 238, and *Baltimore City* v. *Flack,* 104 Md. 107. In *Kafka's Case, supra,* JUDGE JONES said of this provision of the Constitution: "It has received a liberal construction; and the Courts have been reluctant in any case to give it an operation that would defeat the legislative intent. Yet they have not hesitated to strike down legislative Acts that were clear infractions of its purpose and object. These have been declared to be two-fold: 'The first is to prevent the combination in one Act of several distinct and incongruous subjects; and the second is, that the Legislature and the people of the State may be fairly advised of the real nature of pending legislation.' *State* v. *Norris et al.,* 70 Md. 91, 95, 96. In agreement with this object it has been held that 'though the title need not contain an abstract of the bill, nor give in detail the provisions of the Act, it must not be misleading by apparently limiting the enactment to a much narrower scope than the body of the Act is made to compass.' *Luman* v. *Hitchens Bros. Co.,* 90 Md. 14-23. And that it ought not to be such as to divert attention from the matter contained in the body of the Act. *State* v. *The Schultz Co.,* 83 Md. 58-62. It would

seem that if the object of the constitutional provision in question is to be respected and it is to have meaning and effect in controlling legislation, the considerations which have just been mentioned must have a controlling effect in applying it."

The mere statement of the substantial provision of the Act demonstrates its invalidity under the rules stated. Under a title to require *all owners* of vehicles using the streets and roads of Anne Arundel County, there is contained in one section an exemption of a large class of vehicles, and in the other an exemption from all other taxation upon the vehicles licensed.

There is not the faintest suggestion in the title of the Act to lead anyone to suspect that such exemptions were, or might be, introduced in the law. In these respects the title is not only too narrow, but it is clearly misleading. Besides this, one of the provisions of the Act—that which exempts certain property from taxation—is wholly foreign to the subject-matter described in the title. It was urged that the Court might strike down this exemption if it found it was not fairly comprehended in the title, and hold the balance of the Act valid. CHIEF JUDGE BOYD, in *Somerset County Com'rs* v. *Pocomoke Bridge Co.,* 109 Md. 1, stated the circumstances under which it is proper to apply the rule suggested: "It is well settled that it is not necessary, or proper, to strike down an entire Act because one provision is void, 'unless the provisions are so connected together in subject-matter, meaning or purpose that it cannot be presumed the Legislature would have passed the one without the other.' 26 *Am. and Eng. Ency. of Law,* 570. That principle has been announced by this Court over and over again, and it has been applied to cases in which the valid and void provisions were in the same section of the Act. *Mayor, etc., of Hagerstown,* v. *Dechert,* 32 Md. 369; *Steenken* v. *State,* 88 Md. 708."

The tax exemption feature of this Act is one of its essential parts, and was no doubt inserted to secure its passage. It is inseparably connected with the whole scheme of the Act. It is so important that it cannot be presumed that the Act would

have passed without it.  Unnder such circumstances the rule suggested by the appellee cannot be applied.  For the reasons assigned we reversed the order appealed from and remanded the case for further proceedings in the *per curiam* petition filed May 20th, 1909.

> *Order reversed, with costs, and case re-manded.*