## REUBEN D. DAY *v.* SHERIFF OF MONTGOMERY COUNTY.

[No. 38, January Term, 1932.]

*Decided April 4th, 1932.*

222

The cause was submitted on briefs to Bond, C. J., Patti-son, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Whiteford & Cissell,* for the petitioner.

*Wm. P. Lane, Jr., Attorney General, Wm. L. Henderson, Assistant Attorney General,* and *Stedman Prescott, State's Attorney for Montgomery County,* for the respondent.

Offutt, J., delivered the opinion of the Court.

Reuben D. Day was, on January 18th, 1930, tried and convicted before Alfred L. Wilson, "Police Justice for the Town of Takoma Park" on a charge of driving an automobile "while drunk," and sentenced to pay a fine of $100 and to be confined in the county jail of Montgomery County, Md., for the period of six months.

Day, when called on to plead before the "Police Justice," denied the right of Wilson to try him, and on December 2nd, 1931, nearly two years after his conviction, he filed in the Circuit Court for Montgomery County a petition for a writ of *habeas corpus* directed to the sheriff of Montgomery County, to whose custody he had been committed on that day. Later, upon his petition, the writ of certiorari issued to "Alfred L. Wilson, Police Justice of the Town of Takoma Park," commanding him to transmit the papers in the case to the Circuit Court for Montgomery County. The writ was granted by Judge Peter, the petitioner was produced, the papers transmitted, and after a hearing the petitioner was discharged on the ground that chapter 195 of the Acts of 1931, which created the office of police justice of the town of Takoma Park, was unconstitutional and void, and the court thereupon, in accordance with the provisions of Code, art. 42, sec. 16, transmitted the original papers, together with

a copy of the order discharging the prisoner, to this court for review.

Upon that record the single question which this court is called upon to decide is whether the statute in question is a valid legislative enactment.

Section 1 of the act in part provides that:

"The Governor is hereby authorized and empowered, upon the recommendation of the Mayor and Council of the Town of Takoma Park, to appoint a police justice for said town, situate partly in Montgomery County and partly in Prince George's County, which said police justice is hereby designated as the Police Justice for the Town of Takoma Park, whose jurisdiction shall be confined to the limits of the said town. In that portion of the said town which is within the territorial limits of Montgomery County, the said police justice shall have concurrent civil and criminal jurisdiction with the police justice at Rockville; and in that portion of the said town which is within the territorial limits of Prince George's County, the said police justice shall have concurrent civil and criminal jurisdiction with the police justice of Prince George's County, as defined by chapter 426 of the Laws of Maryland of 1927, or any amendment or re-enactment of that chapter or any other act now in effect or hereafter enacted defining the said jurisdiction of the said police justice of Prince George's County. The Mayor and Council of the said town may in their discretion require the said police justice to give a bond to the Town of Takoma Park, Maryland, in such penalty as may be fixed by the said Mayor and Council, not to exceed $500, with a surety to be approved by the said Mayor and Council, conditioned that he will well and faithfully perform the duties and obligations of police justice within the territorial limits of the said town, as such duties are defined in this act and other statutes of this State, which bond, if required by the Mayor and Council as aforesaid, shall be filed with the clerk of the said town. If such bond is required by the Mayor and Council, the said police justice shall furnish said bond before he acts as such.

"The said police justice shall, on the first day of every

month following his appointment, account for and pay over to the County Commissioners of Montgomery and Prince George's Counties, respectively, all fines, penalties, forfeitures and costs imposed by him, which he shall receive for or on account of criminal offenses tried before him in those respective counties under the provisions of the public general laws and the public local laws, except for violation of the ordinances of the said town, which fines, penalties, forfeitures and costs shall be paid to the Town of Takoma Park. * * *

"The said police justice shall be paid a salary of twenty-one hundred dollars ($2,100) per annum. * * * Of his said salary the sum of six hundred dollars ($600) per annum shall be paid by the Town of Takoma Park, Maryland, from its general revenues and the remaining fifteen hundred dollars ($1,500) per annum shall be paid by the County Commissioners of Montgomery County."

The effect of the act is: (1) To create a new office, that of "Police Justice for the Town of Takoma Park," the incumbent of which shall have concurrent jurisdiction in Prince George's County in civil and criminal matters with justices of the peace, and concurrent jurisdiction in Montgomery County with the "police justice at Rockville"; (2) to confer upon the Mayor and Council of the Town of Takoma Park the power to nominate such "Police Justice"; and (3) to impose upon the Town of Takoma Park and the County Commissioners of Montgomery County the duty of paying his salary.

The first and fatal objection to it is that the office which it creates is judicial in character, and for that reason the act conflicts with the provisions of the Maryland Constitution relating to the judiciary. Section 1 of article 4 of that Constitution provides that: "The judicial power of this State shall be vested in a Court of Appeals, Circuit Courts, Orphans' Courts, such Courts for the City of Baltimore as are hereinafter provided for, and Justices of the Peace; all said Courts shall be Courts of Record, and each shall have a seal to be used in the authentication of all process issuing therefrom. The process and official character of Justices of

the Peace shall be authenticated as hath heretofore been practiced in this State, or may hereafter be prescribed by Law."

By that language the Constitution committed the whole judicial power of the State to those courts and officials which it expressly designates and defines, and, having disposed of the entire power, left nothing upon which the will of the Legislature could operate. Any other or different construction would necessarily mean that the Legislature could at its discretion so add to and change the judicial system of the State as to destroy the scheme of judicial administration set up by the Constitution. Any such interpretation of the Constitution would not only be contrary to reason and long-continued contemporaneous construction, but was expressly repudiated by this court in *Hagerstown v. Dechert,* 32 Md. 383, where, in construing article 4, section 1, of the Constitution of 1851, which was that "the judicial power of this State shall be vested in a court of appeals, in circuit courts, in such courts for the City of Baltimore as may be hereinafter prescribed, and in justices of the peace," it said: "It is very clear that, after the adoption of that Constitution, the Legislature had no power to appoint a Justice of the Peace, nor could they vest judicial power in any other officer except such as were enumerated in the first section of the fourth article of the Constitution."

If, therefore, the office created by the act under consideration is not defined in the Constitution and is judicial in character, the act is obnoxious to the Constitution and void. That it is a judicial office can hardly be questioned. The act confers upon the police justice of the Town of Takoma Park concurrent civil and criminal jurisdiction in Prince George's County with the "Police Justice" of Prince George's County, who, by the terms of chapter 426 of the Acts of 1927, is a constitutional justice of the peace, and in Montgomery County with the police justice at Rockville, Montgomery County, who, although not by that name, is in fact a justice of the peace. The Constitution explicitly states that it vests "judicial power of this State" in certain courts "and Justices of

the Peace," and in the case last cited the functions of such officials were expressly recognized as judicial in their nature. And when the powers and duties of such officials are considered, it could not well be otherwise. They hear and determine causes, give judgment, try persons accused of crime, acquit or convict, as the case may be, and in the event of conviction may fine the accused or in some instances sentence them to be confined in penal institutions for long periods of time. Such powers are essentially judicial in character and similar in all respects to powers exercised by common law courts of record from time immemorial.

It is suggested, however, that the act does not create a new office, but merely authorizes the Governor to appoint a justice of the peace who is to be called a "Police Justice." If the act has that effect, it would not be subject to the criticism that it creates a new judicial office, but it has not. Under the Constitution the Governor can only appoint justices of the peace "by and with the advice and consent of the Senate" (article 4, section 42), while under the act he is to appoint the "Police Justices for the Town of Takoma Park," "upon the recommendation of the Mayor and Council of the town"; under the act the police justice is appointed, not for a county or an election district in a county, but for the town; justices of the peace are required by the Constitution, as construed in *Levin v. Hewes,* 118 Md. 641, 86 A. 233, to be appointed for the City of Baltimore or for a county, or for a ward in that city, or for an election district in a county (Md. Const., art. 4, sec. 42), and while the opinion in *Levin v. Hewes, supra,* permits the inference that under the Constitution a justice of the peace may be appointed for a county to sit as a police magistrate at designated places, as was done by chapter 426 of the Acts of 1927, there is nothing in that case or in the Constitution which permits the inference that a police magistrate may be appointed for any incorporated town or city in a county, who, although not a justice of the peace, nevertheless shall have the functions and the powers of a justice of the peace appointed for that county. The appointment of a justice of the peace must be for a county, or

for an election district of a county, so that, unless the town or city itself constitutes an election district, there is no constitutional authority for the appointment of a justice of the peace merely for such a town or city. But it is not possible to interpret the act under consideration as providing for the appointment of a justice of the peace for Montgomery County and one for Prince George's County, for by express terms it provides for the appointment of a police justice for the Town of Takoma Park, and not for either of said counties. It happens that that town lies in both counties, and the act provides that, when sitting in that part of it which lies in Prince George's County, the jurisdiction of the police justice to be appointed under it shall be coextensive with that of the police justice in Prince George's County, who upon an examination of chapter 426 of the Acts of 1927 is found to be a justice of the peace for that county, and, while sitting in Montgomery County, his jurisdiction is coextensive with that of the police justice "at Rockville," who is a justice of the peace for Montgomery County. Chapter 518, Acts of 1922. But it cannot be presumed that it was the intent of the Legislature that the same individual should at the same time be a justice of the peace for Montgomery County and a justice of the peace for Prince George's County, for he would then occupy two offices of profit contrary to the prohibition of article 35 of the Declaration of Rights, for each is an office of profit separate and distinct from the other. Moreover, while, as pointed out in *Levin v. Hewes, supra,* there is no residential qualification attached to the office, the proposition that the jurisdiction of a justice of the peace appointed for one county may extend to another county, or, indeed, to the entire state, is so at variance with the uniform, long-settled and unvaried custom and practice in this state that it will not be assumed that the Legislature intended any such result in the absence of an express and clear declaration of such an intention. There is therefore no possible inference other than that the Legislature intended to create a new office judicial in its nature, the incumbent of which would have civil and criminal jurisdiction in two counties coexten-

sive with that of justices of the peace for such counties, but who would not be a justice of the peace for either. That is the plain language of the act and that is the construction placed upon it by the Governor, for the commission appointing Wilson issued to him not as a justice of the peace for either Montgomery or Prince George's County, but as police justice of the Town of Takoma Park. And since the Legislature lacked the power to create such an office, it follows that chapter 195 of the Act of 1931 is void, and that the incumbent of the office which it attempted to create was without jurisdiction to try or punish the petitioner for the crime with which he was charged.

In view of that conclusion, it becomes unnecessary to consider or discuss the other objections which have been urged against the validity of the act, and the order appealed from will be affirmed.

*Order affirmed, with costs.*