WALTER E. QUENSTEDT, WARDEN, *v.* FLORENCE WILSON

[No. 21, October Term, 1937.]

12

*Decided September 16th, 1937.*

14

The cause was argued, as of the April Term, before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*Charles T. LeViness, III, Assistant Attorney General,* and *Alan Bowie, State's Attorney for Prince George's County,* with whom was *Herbert R. O'Conor, Attorney General,* on the brief, for Walter E. Quenstedt.

*Gerald W. Hill,* for Florence Wilson.

SLOAN, J., delivered the opinion of the Court.

On May 11th, 1937, Florence Wilson, on behalf of Thomas E. Wilson, filed in the Baltimore City Court a petition for the writ of *habeas corpus,* to obtain his release from the custody of the warden of the Maryland House of Correction (Walter E. Quenstedt), by whom he was alleged to be illegally detained and imprisoned. The petitioner also filed at the same time a petition wherein she stated that the reasons for asking for the writ, which would be assigned at the hearing, were: "(A) That the Acts of 1927, chapter 426, as codified in article 17, secs. 578 to 596 of the Code of Public Local Laws of Maryland, as amended by chapter 438 of the Acts * * * of 1933 and as further amended by chapter 462 of the Acts of * * * 1935, is invalid and void, in that the said Act and Amendments thereto are in contravention and violation of article 4, section 42 of the Constitution of Maryland"; and "(B) That the commitment of the said Thomas E. Wilson to the Maryland House of Correction at Jessup, Maryland, by one George Merrick, a Magistrate at Large, known as the Police

Justice for Prince George's County, Maryland, under chapter 426, of the Acts of 1927, as codified in article 17, sections 578 to 596, of the Code of Public Local Laws of Maryland, and the amendments thereto, is illegal and void in that the appointment of the said George Merrick as Police Magistrate at large under said Act and its Amendments was nullity"; and for "other reasons to be assigned at the hearing."

At the hearing Thos. E. Wilson was discharged on the ground, as stated in the opinion of the court, that the Act of Assembly (Acts 1927, ch. 426 and amendments), providing for the appointment of the committing magistrate, was unconstitutional, and the commitment therefore void. The commitment was dated March 13th, 1937, and the opinion of the trial judge and of this court is based on the law as it then existed, it since having been amended by the Acts 1937, ch. 276, effective April 15th, 1937, after the decision of this court in *Humphreys v. Walls,* 169 Md. 292, 181 A. 735. In such a case, that is, where a prisoner is released on *habeas corpus* on a finding that he is confined under an act held by the judge or court to be unconstitutional, the judge is required, under article 42, section 16, of the Code Public General Laws, "to reduce his opinion to writing within five days after ordering said release or discharge, and to transmit the original papers in said case, together with a copy of its or his order of release or discharge and of his said opinion, under his hand and seal, to the clerk of the court of appeals; and it. shall be the duty of the said court to consider the papers so transmitted to its said clerk, including said order of release or discharge, and said opinion, at the earliest practicable period, after the receipt thereof by its said clerk, and to give its opinion in writing upon the case so presented; and the said opinion so given shall have and possess the same authority as if the same was filed in a case formally heard and determined in said court on appeal." *State v. Glenn,* 54 Md. 572, 593; *Beall v. State,* 131 Md. 669, 671, 103 A. 99; *Day v. Sheriff,* 162

Md. 221, 159 A. 602. This court has adopted and follows the practice of formally setting such cases for hearing, with an opportunity to the parties to appear, as in other appeals. *Supra.*

The authority under which the police justice was appointed, and acted, is Acts 1927, ch. 426, codified as sections 578 to 596 of article 17 of the Code Public Laws, the pertinent provisions of which are:

578. The Governor is empowered and directed to biennially appoint, with the consent and approval of the State Senate, if in session, without such consent, if not in session, "a Justice of the Peace for Prince George's County at Large, and to designate said Justice of the Peace at Large and so appointed by the provisions of this Act as 'Police Justice.'" *Green v. State*, 170 Md. 134, 144, 183 A. 526.

579. "The said Police Justice * * * shall be a resident and registered voter of Prince George's County."

580. He shall have offices, provided by the County Commissioners in Upper Marlboro, Hyattsville, and Laurel, and shall "hold his court" on stated days every week in each of those towns, and, in Seat Pleasant election district, "there shall accompany him and be present at his office wherever located, at all times during the sessions of said Court the Clerk of the Police Justice as in this Act provided for, who shall have with him at all times a docket, which shall conform to and be similar, as near as practicable, to the criminal docket in use by the Clerk of the Circuit Court for Prince George's County."

581. The criminal jurisdiction of the police justice is the same as that conferred on justices of the peace by section 12, article 52, of the Code of Public General Laws, but by section 584 it is provided that "the several Justices of the Peace of Prince George's County shall be divested of and shall no longer have and possess any criminal jurisdiction to try, hear and determine any criminal case whatsoever, except as in this Act provided." They may issue warrants for offenses within the

jurisdiction of a justice of the peace, but they must be made returnable to the Police Justice. They may issue warrants and conduct preliminary hearings in cases of felonies, and act as coroners, but are divested of jurisdiction to hear and determine criminal cases within a magistrate's jurisdiction as defined in the general law. See, also, section 357, article 1, of the Code Public Local Laws.

Section 589 (Acts 1933, ch. 438) directed the County Commissioners to "appoint some suitable person as Clerk of the Police Court for Prince George's County" who "shall be present with the said Police Justice and shall attend the sittings of his Court during the session thereof, and shall have charge of all the records, dockets and papers of said Court, and he shall have power and authority to administer oaths in all matters that appertain to his Court, he shall keep and transcribe the records of said Court, and shall issue all writs of said Court in the name of the Police Justice * * * [and] shall have the general authority to do any and all things in connection with his duties as the Clerk of the Circuit Court for Prince George's County is possessed of, and he shall have the same duties and responsibilities as the Clerk of the Circuit Court for said County in so far as the same are applicable."

It is provided by section 592, Code Pub. Loc. Laws, that, "The Police Justice shall prescribe rules and regulations governing the practice and procedure in his said Court, and shall prescribe the form of writs, both civil and criminal, to be used therein," a power conferred on the Court of Appeals, (Const. art. 4, sec. 18; Code Pub. Gen. Laws, art. 26, sec. 35A [Acts 1927, ch. 684]), on the Supreme Bench of Baltimore City (Const. art. 4, sec. 33), and on the judges of all courts of law and equity. Code Pub. Gen. Laws, art. 26, sec. 1.

Section 583, Code Pub. Loc. Laws, confers jurisdiction in civil cases in the police justice where the amount involved does not exceed $250. In all cases originating before some other justice of the peace, either of the

parties litigant shall have the right of removal to the police justice.

While the office of justice of the peace is an ancient and honorable institution, the incumbents derive whatever authority they have from the Constitution of the State, and the laws passed in pursuance thereof. But as we said in *Humphreys v. Walls*, 169 Md. 292, 298, 181 A. 735, 737, "No legislative act abolishing them or radically changing their character should be recognized as valid." In this state it is provided by section 1 of article 4 of the Constitution that "The Judicial power of this State shall be vested in a Court of Appeals, Circuit Courts, Orphans' Courts, such Courts for the City of Baltimore as are hereinafter provided for, and Justices of the Peace; all said Courts shall be Courts of Record, and each shall have a seal to be used in the authentication of all process issuing therefrom. The process and official character of Justices of the Peace shall be authenticated as hath heretofore been practiced in this State, or may hereafter be prescribed by Law." Any other courts than those named and contemplated by this provision of the Constitution cannot be set up or exist in this state. *Humphreys v. Walls*, 169 Md. 292, 301, 181 A. 735; *Day v. Sheriff*, 162 Md. 221, 225, 159 A. 602. From the provisions of the Acts of 1927, ch. 426, quoted and mentioned, it is apparent that the Legislature was attempting and intended to set up in Prince George's County a court not authorized by the Constitution.

A statutory provision for the appointment of a justice of the peace at large in Prince George's County, in addition to the other justices of the peace in the county, would not be objectionable. The constitutional requirement (article 4, section 42) that the Governor shall appoint such number of justices of the peace "for the several Election Districts" of the county has been complied with by sections 422 and 570 of article 17 of the Code Public Local Laws. In *Levin v. Hewes*, 118 Md. 624, 640, 86 A. 233, 239, it was held that when this "requirement of the fundamental law is gratified," the Legislature may

provide for the appointment of additional magistrates at large. See *Humphreys v. Walls, supra,* 169 Md. 292, at page 304, 181 A. 735.

The Legislature may also provide for differences in the compensation and salaries of justices. By the Acts of 1900 (chapter 147), justices assigned to station houses in Baltimore County were allowed fees up to $40 a month, while others were limited to $10 a month, and in *Herbert v. Baltimore County,* 97 Md. 639, 55 A. 376, the act was held valid and constitutional. To the same effect, see *Levin v. Hewes, supra.,*

By section 593 of article 17 of the Code Public Local Laws, it was declared that "the intent and purpose of this Act" was "that the Police Justice herein created shall have exclusive jurisdiction to hear, try and determine, enter judgment and impose sentence in all cases in which he is given jurisdiction under the provisions of this Act, and to enlarge his civil jurisdiction to two hundred and fifty dollars ($250.00), and to limit and confine criminal jurisdiction to the Police Justice except as in this Act provided." With the exception of the provision enlarging his civil jurisdiction in excess of that conferred on other justices (*Humphreys v. Walls, supra*), the Legislature can validly prescribe such distinctions and differences in the powers and duties of justices of the peace. It is provided by section 42 of article 4 of the Constitution that "Justices of the Peace * * * shall have such jurisdiction, duties and compensation * * * as hath been heretofore exercised, or shall be hereafter prescribed by law." The same question was raised and decided in *Levin v. Hewes,* 118 Md. 624, 86 A. 233, construing the People's Court Act for Baltimore City (Acts 1912, ch. 823). A defect we find in the Prince George's County Act with respect to the jurisdiction of the police justice is in civil cases, by which he has jurisdiction to amounts to $250, while other justices are limited to the trial of cases involving not more than $100 (Code Pub. Gen. Laws, art. 52, sec. 6, as amended by Acts 1936, 1st Ex. Sess.,

ch. 23), and we expressly decided in *Humphreys v. Walls,* 169 Md. 292, 301, 181 A. 735, that this could not be done.

The question is really not so much one of jurisdiction as of the powers and duties of justices of the peace. The jurisdiction of justices of the peace, that is, the character and kinds of cases they can try and determine, shall be uniform within the limit of their territorial jurisdiction, but their powers, duties, activities, and compensation are subject to legislative control and direction. Some may be assigned to the trial of civil cases, some to criminal cases, some to juvenile cases, and yet they are all justices of the peace, with the same legal qualifications, and subject to the same condition as to confirmation. *Herbert v. Baltimore County,* 97 Md. 639, 55 A. 376; *Levin v. Hewes,* 118 Md. 624, 86 A. 233; *Day v. Sheriff,* 162 Md. 221, 159 A. 602; *Humphreys v. Walls,* 169 Md. 292, 181 A. 735; *Green v. State,* 170 Md. 134, 183 A. 526.

One of the defects in the Acts of 1927, ch. 426, is that it prescribes conditions of residence and registration as a voter for a police justice, which are absent with respect to the other justices of the peace in Prince George's County. Section 2 of article 4 of the Constitution provides that the judges of said courts (named in section 1) shall be citizens of Maryland, qualified voters, residents in the circuit not less than six months, not less than thirty years of age, and admitted to the practice of law. Orphans' court judges (section 40) must be citizens of the state and residents of the city or county for twelve months preceding election. There are no qualifications of citizenship, age, or residence for justices of the peace. As we said in *Humphreys v. Walls,* 169 Md. 282, 303, 181 A. 735, 739, "where, as in this state, the Constitution has declared so unequivocally the conditions essential to the eligibility to some offices, and has stated with equal precision other conditions which will render a person ineligible for any office created by it, it may be assumed that when it failed to prescribe any special qualifications as essential to eligibility to constitutional offices, it did

not intend any. In this case it imposed instead a condition, and that is senatorial scrutiny and approval." The qualifications of residence and voting registration impose restrictions on the Governor's power of appointment not warranted by the Constitution, but this departure from the constitutional provisions does not necessarily nullify the appointment. As said in *Humphreys v. Walls,* 169 Md. 292, 302, 181 A. 735, "In order to harmonize this condition created by a statute with the constitutional provision, it can only be sustained on the ground that it is directory and not mandatory. (*Upshur v. Baltimore,* 94 Md. 743, 744, 51 A. 953), and is one which the Governor may observe or ignore as he pleases." In our opinion, therefore, the appointment of George Merrick as a justice of the peace at large in Prince George's County is not invalid, but, in the tribunal over which he presided, the Legislature has set up a court not authorized by the Constitution, and as this seems to have been the purpose of the Acts of 1927, ch. 426, the entire act, except for the appointment of a justice of the peace at large, must, under the decision in *Humphreys v. Walls, supra,* be declared invalid.

There is another feature of the Acts of 1927, ch. 426, not amended by the Acts of 1937, ch. 276, which requires some mention, and that is so much of section 581 as gives the police justice exclusive jurisdiction to try violators of sections 171 to 210, both inclusive, of article 56 of the Code of General Laws, title "Licenses," subtitle, "Motor Vehicles," or any subsequent act in relation thereto. This is virtually a repeal, so far as it applies to Prince George's County, of a general law by a local law. It is involved in this appeal and comes up for decision, because the applicant was arrested for the violation of section 189, article 56, of the Code of Public General Laws (as amended by Acts 1927, ch. 520). By section 204 of article 56 of the Code of Public General Laws, as amended by Acts 1933, ch. 384, it is provided that, "In case any person shall be taken into custody because of a violation of any of the provisions of this sub-title

[Motor Vehicles], he shall forthwith be taken in the counties of this State before the nearest Justice of the Peace, committing Magistrate, or Police Justice of the county in which the offense is committed, or if in Baltimore City before the Justice of the Peace of the Traffic Court, and be entitled to an immediate hearing." In Prince George's County, by the Acts of 1927, ch. 426 (section 581 of the Code), it was provided that any one arrested for the violation of the motor vehicle laws "shall forthwith be taken in Prince George's County before the nearest Justice of the Peace, and should said Justice of the Peace be other than the Police Justice he shall be released from custody on giving bond * * * conditioned for his appearance before the Police Justice in this Act provided, at some time and place where said Police Justice will sit within ten days from the date of said recognizance, and as designated in said recognizance." This is a very material change of procedure in the trial of motor vehicle violations in Prince George's County, from the other counties of the state, and the vice of the Acts of 1927, ch. 426, with respect thereto, is that the title of that act makes no mention of it. When the Legislature undertakes to make any material change in any existing law, local or general, there should be some reference to the act to be amended or repealed, under section 29 of article 3 of the Constitution, so that the public may be on notice of the contemplated alteration or repeal of existing laws. *Barron v. Smith,* 108 Md. 317, 327, 70 A. 225; *Anne Arundel County v. United Rwys. & Elec. Co.,* 109 Md. 377, 387, 72 A. 542; *Nutwell v. Anne Arundel County,* 110 Md. 669, 73 A. 710; *United Rwys. & Elec. Co. v. Baltimore,* 121 Md. 552, 560, 88 A. 617. Section 596 of the Code of Public Local Laws, article 17 (Acts 1927, ch. 426), repealed sections 204 and 208 of article 56 of the Code of Public General Laws, so far as the same may be inconsistent with it, but this would be unavailing in the absence of any such legislative intention or purpose appearing in the titling of the Act of 1927. As some evidence that it was the intention of the Legislature to

make the trial of offenders against the motor vehicle laws uniform throughout the state, it amended section 204 of article 56 by the Acts of 1927, ch. 520, whereas the Prince George's County Act 1927 (chapter 426), was approved April 5th, 1927, both effective June 1st, 1927. The effect of the decision on this point is that every justice of the peace in Prince George's County has jurisdiction to try offenders against the motor vehicle laws, conferred by section 204 of article 56, Acts 1927, ch. 520, the same as the police justice, and he only has it when he is the "nearest Justice of the Peace."

Another defect in the Acts of 1927, ch. 426 (Code Pub. Loc. Laws, art. 17, sec. 587), was a provision that, in the temporary absence of the police justice, the judges of the Circuit Court for Prince George's County should "designate and appoint" one of the other justices of the peace of the county to act in his stead during his absence. The Constitution gives the Governor only the power of appointment of justices of the peace.

For the reasons herein assigned, the order certified should be affirmed.

*Order affirmed.*

BOND, C. J., filed a dissenting opinion as follows, in which URNER, J., concurred.

It is a general rule, and in the statute in question it is expressly declared, that unconstitutionality in some provisions of the statute shall not render the remainder invalid and ineffectual, unless, of course, it is unmistakably clear that, despite its declaration to the contrary, the Legislature would not intend the remainder to take effect. My opinion is that the centering of jurisdiction in the one justice in this instance, and the possession of jurisdiction over this accused, could be held valid under the rule. I have not been able to agree that the title of the statute in respect to violations of the license laws is defective.