(Decided 15th June, 1876.)

JAMES SMITH *vs.* THE STATE OF MARYLAND.

*Act of* 1867, *ch.* 390, *sec.* 55—*Act of* 1876, *ch.* 273, *sec.* 55—
*Effect of Repealing Statute.*

Where the law under which a party has been tried and convicted, is repealed pending an appeal by the traverser from the ruling of the Court, and the repealing statute contains no exception of pending cases, the indictment will be quashed.

APPEAL from Circuit Court for Anne Arundel County.

At October Term, 1875, of the Circuit Court for Anne Arundel County, James Smith was tried under the Act of 1867, ch. 390, sec. 55, for having sold wine in the City of Annapolis, to a midshipman, under the age of twenty-one years, attached to the United States' Naval Academy, and found guilty. At the trial an exception was taken by the traverser to the refusal of the Court to permit a question to be answered by a witness. This Court did not decide the point thus raised, and the exception is therefore not set out. The traverser appealed. Pending the appeal, the Act of 1876, ch. 273, sec. 55, repealing the Act of 1867, ch. 390, sec. 55, was passed.

4                    v. 45.

The cause was submitted on briefs, to Bartol, C. J., Stewart, Grason, Alvey and Robinson, J.

*W. Frank Tucker*, for the appellant.

A party cannot be convicted after the law under which he may be prosecuted, has been repealed, though the offence may have been committed before the repeal; and the same principle applies where the law is repealed, or expires pending an appeal or writ of error from the judgment of an inferior Court. *Keller vs. State,* 12 *Md.,* 322; *United States vs. Schooner Peggy,* 1 *Cranch,* 104; *Reg. vs. The Inhabitants of Denton,* 14 *Eng. Law & Eq.,* 124. See also *State of Maryland vs. Balt. & Ohio R. R. Co.,* 3 *Howard,* 534; *Norris vs. Crocker, et al.,* 13 *Howard,* 429.

*Attorney General Gwinn,* for the appellee.

Stewart, J., delivered the opinion of the Court.

It appears, that since the trial of this case in the Circuit Court, and pending this appeal, the Act of 1876, ch. 273, has been passed, superseding the Act of 1867, ch. 390, under which the prosecution was instituted; the conviction of the appellant must therefore fail.

Whether considered as an amending or repealing statute, sec. 55 of the Code of Public Local Laws of Anne Arundel County, as it stood at the time of the prosecution, has been abrogated or modified, in important particulars. There is no law, now in existence, which would enable the Court to pronounce judgment upon the verdict

Pending cases are not excepted, or reserved, in the repealing law of the late session.

The repeal of a law imposing a penalty, is, of itself, a remission of the penalty, where there is no reservation.

A party cannot be adjudged guilty after the law, under which he may have been prosecuted and convicted, has been repealed, although the offence may have been committed before the repeal.

The decision of the Court must be in accordance with the law as it stands at the time of the final judgment. *Keller vs. State,* 12 *Md.,* 322.

It follows, that the indictment and proceeding in this case must be quashed, and it is unnecessary to decide upon the point made and noted in the bill of exceptions.

*Indictment quashed.*

(Decided 15th June, 1876.)