FREDERICK SCHMETZER *vs.* THE STATE OF MARYLAND.

*Billiard table—License—Evidence.*

A billiard table accessible to any one who may choose to play a game on it, is a table kept for public and not for private use.

A billiard table kept for private use, is one kept for the use of the owner and of such persons as he may invite to play thereon.

The owner of a billiard table, kept for public use, also kept a bar, and it was understood between the owner of the table and the players, that at the end of every game, the loser should treat the winner from the articles of merchandise sold at the bar. Such articles were sold to the players and to those who did not play at the same price. HELD:

That such billiard table was really kept for profit, and it was requisite that a license should be taken out by the owner.

Under an indictment for keeping a billiard table without a license, evidence on the part of the State showing that the "table was accessible to any one coming into the place to play thereon," is admissible to prove that such table was not kept for private, but for public use.

Schmetzer *vs.* State.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, RITCHIE, and BRYAN, J., for the appellant, and submitted for the appellee.

*Campbell W. Pinkney*, for the appellant.

*Charles G. Kerr, State's Attorney for Baltimore City*, and *Charles B. Roberts, Attorney-General*, for the appellee.

STONE, J., delivered the opinion of the Court.

The appellant was indicted in Baltimore City, for keeping a billiard table for use, without taking out a license. There are two counts in the indictment; one for the violation of an ordinance of the City of Baltimore, and the other for a violation of the Act of Assembly. The appellant pleaded not guilty to both counts. At the trial of the case, the State offered the following evidence:

"That the said billiard table was accessible to any one coming into the place mentioned in the indictment, to play thereon; the understanding, however, being that, in games played on said table, the loser must treat the winning player, from the articles of merchandise for sale at the bar; the games were not otherwise paid for; the articles of merchandise so sold were of the same quality, and sold at the same price, as those sold to customers who did not use the table."

To this testimony when offered, the appellant excepted, but the Court overruled the exception, and permitted the testimony to be offered, and the verdict being against the appellant, he has brought the case here.

The law seems to provide that every billiard table, that is kept for use in this State, is liable to taxation in the

shape of a license, except a table kept for private use. The 8th section of Art. 12, of the Revised Code provides as follows:

"Any person or persons keeping or exhibiting for use a billiard table or tables, without first obtaining a license therefor, shall, etc." The only exception to this is a table kept for private use. We think it manifest, that on a trial under an indictment like the present, any legal evidence tending to prove that the table in question was kept for public, and not for private use, is clearly admissible. The Act of Assembly divides billiard tables into two classes, those kept for public and those kept for private use. The latter are not taxed.

Now, we cannot conceive any evidence more pertinent to the issue, whether this table was kept for public or private use, than that offered on the part of the State, "that this table was accessible to any one coming into the place to play thereon."

A table kept for private use, is kept for the use of the owner, or such persons as he may choose to invite, and is not "accessible" to any one, who may choose to play a game on it; the evidence was therefore clearly admissible to show that the table in question was not kept for private, but for public use.

But it has been insisted before us that, although the appellant may have kept this table for public, and not for private use, still he is not liable for the tax, unless he made some charge, directly or indirectly, for playing upon it. If we concede this to be so (which, however, we must not be understood as assenting to) still the evidence is admissible. The owner of the table also kept, it appears, a bar, and the testimony offered on that point was this, "the understanding being, that in games played on that table, the loser must treat the winning player, from articles of merchandise for sale at the bar." It was understood between the players and the owner of the table, that at the end of

every game, the owner was to sell to one of the players something, upon which he, the owner, made a profit. The more games that were played upon his table, the more money he received at his bar.

The table was thus a source of indirect profit to the owner. This is a mere attempted evasion of the law. To uphold such a practice, would do most manifest injustice to those, who in good faith, set up a billiard table, pay the license and charge their customers directly.

The case of the *Commonwealth vs. Willems*, lately decided in Pennsylvania, but unreported, has been pressed upon our consideration in the argument of this case. We find nothing in the charge of the Judge of the lower Court, which seems to have been affirmed, which militates against the view herein expressed. The Judge in that case uses this language:

"But, if the persons who play upon it, pay for it, whether directly or indirectly, that is whether by purchasing other articles from the bar, for which they pay a fixed sum or not, then the party maintaining such a table, and receiving such a remuneration in that indirect way, would be responsible."

In the case of the *Germania vs. The State*, 7 *Md.*, this Court strongly intimated, although without deciding the point, that all billiard tables, whether any charge whatever was made or not, were liable to taxation.

Since that decision, billiard tables kept exclusively for *private* use, have been exempted, but no other material change, that we are aware of, has been made in the law. That was an action of debt, and the whole subject of the construction of the law was properly before the Court. This is a criminal procedure, and in such case we do not feel at liberty to construe the law further than the question of the admissibility of the evidence would necessarily warrant. That the evidence was admissible for the purpose of proving that the table was kept for public use,

and that an indirect charge was made by the owner for playing on it, we have no doubt. The ruling of the Court will therefore be affirmed, and the case remanded, that sentence may be pronounced.

*Ruling affirmed,*
*and cause remanded.*

(Decided 12th March, 1885.)