THE DUNDALK, SPARROWS POINT AND NORTH POINT RY. CO. *vs.* JOHN WALTER SMITH, Governor, JOSHUA W. HERING, Comptroller, and MURRAY VANDIVER, Treasurer, Comprising THE BOARD OF PUBLIC WORKS.

*Railway Company Incorporated Under the General Law Not Authorized to Bridge Navigable Streams Without Legislative Assent—Construction of Code.*

Code, Art. 23, sec. 177, provides that whenever the line of any railway company shall cross any navigable water, the company shall file the plan of the bridge, &c., with the Board of Public Works for its approval; and a right of appeal to the Circuit Court is given in the event of a disapproval of the plan by the Board. Code, Art. 23, sec. 92, provides that no bridge shall be erected on a navigable stream unless authorized by an Act of the General Assembly. A railway company in-

corporated under the general law, which gives no express grant of power to railway companies to cross navigable waters, filed a petition for a *mandamus* in this case, asking that the Board of Public Works be required to take action upon the plans submitted to it under section 177 aforesaid for bridges crossing certain navigable streams.  *Held*, that under sec. 92 it is necessary for a railway company incorporated under the general law to obtain special legislative authority to construct a bridge across a navigable stream, and that the purpose of sec. 177 was not to grant the power to railway companies incorporated under Article 23 to bridge navigable streams but to regulate the method of constructing bridges by companies possessing the right to build them.

The particular heading under which a provision is found in the Code is entitled to little weight in its construction.

Appeal from an order of the Superior Court of Baltimore City, (STOCKBRIDGE, J.)

The cause was argued before FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Fielder C. Slingluff* and *Geo. Dobbin Penniman*, for the appellant.

*Isidor Rayner, Attorney-General,* for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

The main question presented by this appeal is whether the incorporation of a railroad company, under the General Incorporation Laws of this State, confers upon it the right to cross the navigable waters of the State without the consent of the Legislature.

The appellant filed a petition, in the Superior Court of Baltimore City, for a *mandamus* requiring the Board of Public Works to take action upon and either approve or disapprove the plans, submitted to them by it under sec. 177 of Art. 23, of the Code, for the construction of bridges across three navigable creeks in Baltimore county.  The Board of Public Works demurred to the petition and the Superior Court by its order of January 5th, 1903, sustained the demurrer and dismissed the petition.  From that order the present appeal was taken.

The petition alleges that the appellant, having become duly incorporated under the General Incorporation Laws of the State to construct and operate a railroad between the towns of Dundalk and North Point in Baltimore County, found it necessary, in order to complete the road, to construct it across the three creeks already mentioned, which are alleged to be navigable streams. That, being ready to construct its railroad, it filed with and submitted to the Board of Public Works the plans and specifications of the bridges and other fixtures it proposed to erect to cross the said streams, and that it fully complied in every respect with all of the provisions of sec. 177 of Art. 23 of the Code and all other laws of the State as well as with the rules and regulations of the Board of Public Works relative thereto. But that the said Board decline and refuse to take any action on the plans and specifications so filed with them, for the alleged reason that the appellant has not shown proper authority to construct its bridges over these navigable streams, and they assert that the consent of the Legislature to the erection of the bridges must be obtained before they can take any action on the plans and specifications.

The petition insists that the appellant acquired by its incorporation and especially by sec. 177 of Art. 23 of the Code, the power and authority to bridge the streams in question without first securnig the consent of the Legislature and that it is entitled to have its plans acted on by the Board and it prays for a *mandamus* to compel such action.

We think the learned Judge below was right in sustaining the demurrer to this petition. In ascertaining the nature and extent of the powers conferred upon the appellant by its incorporation in reference to the navigable waters of the State, we must keep in view all of the provisions of the Code bearing upon that subject and construe them in the light of the principles of the common law applicable to all grants of power from the State. There is no express grant of power to railroad companies to cross navigable waters found in the general law under which the appellant was incorporated.

The State is undoubtedly the owner of the navigable waters within its boundaries and can make a valid grant of privileges or interests in or over them subject to the public rights of navigation and fishery. *Browne* v. *Kennedy*, 5 H. & J. 156; *Wilson* v. *Inloes*, 11 G. & J. 359; *Phipps* v. *State*, 22 Md. 380.

It is however a familiar proposition of the common law that in a grant by the State nothing passes by implication. The grantee takes only that which is given to him by express terms. This is true of grants by legislative action. *Broom's Legal Maxims*, 5th ed., p. 607; *Jones* v. *Tatham*, 20 Pa. St. 411; *State* v. *Kinne*, 41 N. H. 239. Some recent cases have in so far modified the strictness of this doctrine as to hold that the granting by the State of a charter to a railroad company to build a road between specified points implies an authority to bridge such navigable streams as must necessarily be crossed in order to construct the railroad between its chartered termini. This has been held upon the ground that the Courts should give such a construction to the charter as to effectuate all of the powers and privileges confered by it which are necessary to carry into full effect its purposes and objects. *Works* v. *Junction R. R.*, 5 McLean, 425; *Springfield* v. *Conn. R. R. Co.*, 4 Cush. 63; *Elliott on Railways*, vol. 3, sec. 966; *Gould on Waters*, sec. 137. In *Works* v. *Junction R. R. Co.*, *supra*, the Court put this construction upon a section of the General Railroad Law of Ohio which is quite similar to sec. 177 of Art. 23 of our Code, and held that it conferred upon the company the power to bridge navigable streams when necessary to do so in order to build its line between the points named in its charter.

The present case differs from those last referred to, all of which arose under the laws of other States, in this important particular. Sec. 92 of Art. 23 of the Code, which contains the General Law of this State for the creation of various kinds of corporations including railroad companies, plainly declares, "No bridge shall be erected on a navigable river unless authorized by an Act of the General Assembly." It is true that this section, which constituted part of the General Incorpora-

tion Law of 1868, now appears as codified under the head of Companies for the Erection of Bridges, but its application is not thereby necessarily confined to corporations of that class.

As was said by our predecessors in *State* v. *Popp*, 45 Md. 437, "In arriving at the true construction of any particular section of the Code, very little reliance can we think be placed upon the heading under which it may be found,  *   *   * In short the only satisfactory and safe rule of construction to be adopted is to read and construe together all sections of the Code relating to the same subject-matter without reference to the particular Article or heading under which they may be placed." There is certainly no reason why the State should be more willing to give to a railroad company than to a bridge company the right to cross navigable waters at will. The consideration of public policy which would lead the State to restrict the power of the one class of corporations in that respect apply with equal force to the other class.

Nor do we think that sec. 177 of that Article, which was enacted in 1876, operated to repeal sec. 92. The obvious purpose of sec. 177 was not to *grant the power* or *authority* to railroad companies to bridge navigable streams but to regulate the *method* of bridging them by such railroad companies as possess the right to do so. Its provisions relate solely to the *plan of the proposed bridge* and *the place of its location* which are both put by the law under the supervision and control of the Board of Public Works. The Board are given the power to approve or disapprove the plans, with the right of an appeal by the railroad company to the Circuit Court in the event of a disapproval of its plans by the Board. There is no express repeal of sec. 92 by the Railroad Act of 1876, which enacted sec. 177, and as the two sections under consideration are not inconsistent with each other they must both stand and being in *pari materia* must be construed together although passed at different times. *Canal Co.* v. *Railroad Co.*, 4 G. & J. 1; *State* v. *R. R. Co.*, 44 Md. 167; *Appeal Tax Court* v. *Railroad Co.*, 50 Md. 297.

The streams involved in the present suit, Jones' Creek,

North Point Creek and Shallow Creek, are said to be unimportant ones, but the principle involved is an important one to a State like ours which has much navigable water within its boundaries. The future development and progress of the commerce of the State may be largely influenced by the judicious management and control of this navigable water and it is therefore important to strictly maintain the doctrine that no grant by the Legislature of any right in or control over any portion of it will be upheld which rests upon mere implication or construction or anything short of a clear and direct expression of the legislative will.

The decree appealed from will be affirmed.

*Decree affirmed with costs.*

(Decided April 2nd, 1903.)