## STATE *vs.* GEORGE T. GAMBRILL.

*Warehouse receipts; forgery. Criminal statutes; repeal of; no saving clause; effect on pending prosecutions.*

When there are two acts on the same subject the rule is to give effect to both, if possible, but if the two are repugnant in any of their provisions, the latter act, in the absence of any repealing clause, operates as a repeal of the first, to the extent of the repugnancy.　　　　　　　　　　　　　　p. 511

A subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former.　　　　　　　　　　　　p. 512

The Acts of 1910, Chapter 336, section 52, expressly repeals Article 14, section 10 of the Code of Public General Laws, relating to bills of lading, and the Acts of 1910, Chapter 406, by implication repeals Article 27, section 194, leaving in force the subject-matter and penalties fixed by the Acts of 1910, for the violation of those respective statutes.　　　　p. 512

After the repeal of a law no penalty can be enforced, nor punishment imposed, for its violation while it was in force, unless there be a saving clause in the repealing statute.　　　p. 513

A demurrer to an indictment charging an offense under Article 14, section 10, and Article 27, section 194, of the Code, after the passage of the Acts of 1910, Chapter 336 and Chapter 406, was properly sustained.                    p. 513

*Decided April 19th, 1911.*

Appeal from the Criminal Court of Baltimore City (DOBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, PATTISON and URNER, JJ.

*Isaac Lobe Straus, Attorney-General,* and *Emory L. Stinchcomb,* for the appellant.

*Clifton S. Brown* and *George Whitelock,* for the appellee.

BRISCOE J., delivered the opinion of the Court.

The appellee was indicted on the 5th day of May, 1910, in the Criminal Court of Baltimore City for the alleged violation of section 194 of Article 27 of the Code of Public General Laws of 1904, entitled "Crimes and Punishments".

The indictment in substance, alleges, that the traverser on the 27th day of August, in the year 1908, being an agent and officer of "The Roxbury Distilling Company," a corporation, unlawfully did wilfully issue a certain receipt, * * *, of the said corporation, dated the 27th day of August, 1908, numbered three hundred and thirty-five, to a certain person unknown, for one hundred and twenty-five barrels of Rye Whiskey * * * being on deposit, * * *, and under the control of the said corporation, without, before the issuance of the receipt, having cancelled and destroyed a certain other receipt, then outstanding for the same number of barrels of whiskey previously issued on the 17th day of June, in the year 1907, to the order of the Citizens National Bank of Baltimore, contrary to the form of the Act of Assembly in such case made and provided, etc.

The material part of the section of the Code, upon which the indictment rests, is as follows: "No warehouseman or corporation or person whatsoever having issued or caused to be issued or having outstanding and issued by an agent or officer of such person or corporation as aforesaid any receipt, acceptance of order or other voucher for goods, chattels or, commodities as on deposit, storage with or in the custody or the control of such person or corporation, shall issue any other receipt, acceptance of order or other voucher whatsoever for the same, or any part thereof, until the said first issued instrument shall have been returned and cancelled or destroyed; and no person or corporation whatsoever having issued or having outstanding, as aforesaid, any such receipt, acceptance of order or other voucher aforesaid, and no agent or officer of any such person or corporation shall part with, deliver or remove or permit to be delivered or removed the goods, chattels or commodities in such instrument named or described, or any part thereof, except only to or by the holder of said instrument, or upon his order, and upon the presentation of said instrument with his endorsement in every case, or without cancelling or destroying said instrument in case of complete delivery or removal or endorsing thereon the quantity and description of the goods, chattels and commodities, delivered or removed, and the names of the persons to whom delivered, or by whom removed in case such delivery or removal shall be partial only; and any principal person or corporation or agent or officer of any person or corporation wilfully violating this section or any of the provisions thereof shall be guilty of misdemeanor, punishable by a fine of not less than one thousand nor more than five thousand dollars, and imprisonment in the penetentiary for a period of not less than one year, nor more than three years in the discretion of the Court."

A demurrer to the indictment was sustained by the Court below and a judgment entered thereon for the traverser. From the judgment thus entered, the State has taken this appeal.

It is contended upon the part of the traverser, first, that section 194 of Article 27 of the Code, has been repealed by Chapters 336 and 406 of the Acts of 1910, and there being no saving clause in the repealing statutes, the indictment must fall. Secondly, that even, if section 194 of Article 27, is still in force, and unrepealed, "the receipt" set forth in the indictment, is not a receipt or order within the meaning and the terms of the Act, and the indictment therefore charged no offense within the statute.

It is obvious, we think that, if either one of the grounds here relied upon by the traverser is sound, the demurrer was well sustained in the Court below, and its judgment will have to be affirmed.

The question, involved in the first proposition, as to whether the legislation of 1910, Chapter 406, operates as a repeal of section 194 of Article 27 of the Code, is not free from difficulty, and this difficulty arises from a double codification of section 6 of the Act of 1876, in the Code of 1888, and inserted therein in its original form, in two separate and distinct Articles, to wit, in Article 14, section 6, title "Bills of Lading, Storage and Elevator Receipts," and in Article 27, section 119, title "Crimes and Punishments." And in the present Code (1904) the two penal sections, as previously codified, were re-codified as section 10 of Article 14 and as section 194 of Article 27, the section here in dispute.

It is conceded, that the two sections are identical and except for some unimportant changes, are as originally enacted by the Act of 1876, and as codified, in the Code of 1888.

In this state of the law, as then applicable to the offense here charged against the appellee, the Legislature, during its session of 1910, passed and adopted two Acts of Assembly, one relating to "Bills of Lading", and known as the Uniform Bills of Lading Act, Chapter 336 of the Acts of 1910, and the other, relating to "Warehouse Receipts" and

to be cited, as the Uniform Warehouse Receipts Acts, Chapter 406 of the Acts of 1910.

The title of the Bills of Lading Act is "An Act to repeal Article 14 of the Code of Public General Laws of 1904, title 'Bills of Lading, Storage and Elevator Receipts' and to re-enact said Article 14, with amendments under the title 'Bills of Lading' ".

Now it is admitted, by the State, that Article 14, including section 10 (the duplicate section) was repealed *in toto* by the Act of 1910, Chapter 336, and an entirely new scheme of legislation relating to bills of lading was adopted and substituted therefor, but that Article 27, section 194, was not repealed by either Act.

The title of the Uniform Warehouse Receipts Act, is "An Act to add a new and additional article to the Code of Public General Laws of 1904, to follow immediately after Article 14, said new and additional article to be designated as Article 14 A, under the title 'Warehouse Receipts' ".

By section 57 of this Act, it is expressly provided that this Act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those States which enact it, and as stated by the appellee in his brief, it is now the new Uniform Warehouse Receipts Act, adopted by nineteen (19) States and Territories of the United States.

The various penalties for the violation of the provisions of this Act including the offense, here charged, are fully set out in the Act.

By section 52, it is provided, a warehouseman, or any officer, agent or servant of a warehouseman, who issues or aids in issuing a duplicate or additional negotiable receipt for goods, knowing that a former negotiable receipt for the same goods or any part of them is outstanding and uncanceled, without plainly placing upon the face thereof the word "duplicate," except in the case of a lost or destroyed receipt after proceedings as provided for in section 14, shall be guilty of a crime, and upon conviction shall be punished for

each offense by imprisonment not exceeding five years, or by a fine not exceeding five thousand dollars, or by both.

While it is conceded, that neither of the last named statutes (1910), contain an express saving clause or an exception of pending or existing offenses from its operation, it is earnestly urged by the State, that because there was no reference made in either Act, to section 194 of Article 27, the penal section, there was no intention on the part of the Legislature to repeal it, by the substituted legislation, and the previous law must be continued in full force and effect.

The manifest effect of this contention if sustained would be to continue in force two absolutely different punishments for the same offense, and in this regard, it will be seen there is a palpable conflict, and an irreconcilable repugnancy between the two provisions of the law, relating to the penalty to be imposed.

The punishment provided, by Article 27, section 194, for the offense here alleged, in the case of an individual, is a fine of not less than one hundred, nor more than five thousand dollars and imprisonment in the penetentiary for a period of not less than one year, nor more than three years in the discretion of the Court. By section 52 of the Act of 1910, above quoted, the penalty provided, for each offense, is imprisonment not exceeding five years or by a fine not exceeding five thousand dollars, or by both.

The correct rule of construction in such cases is well settled by the decisions of this Court, and by the Supreme Courts of other jurisdictions. The general rule of implied repeal, where there is no express repeal in terms, is stated, in *State v. Yewell,* 63 Md. 121, to be, when there are two Acts on the same subject, the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions the latter Act, without any repealing clause, operates to the extent of the repugnancy, as a repeal of the first. The test, whether repugnancy or conflict exists, is, can the two laws stand together and be executed at one and the same time.

*Davis* v. *State* 7 Md. 151; *United States* v. *Tynen,* 11 Wall. 92.

In *Gorman* v. *Hammond,* 28 Ga. 85, the Supreme Court of Georgia, held, in speaking of laws imposing penalties, when two statutes impose a penalty for the same offense and the punishment imposed by one is not that imposed by the other, the latter statute repeals the earlier, for the intention to inflict two punishments for the same offense is not to be imputed to the Legislature.

There is another rule of statutory construction, supported by authority, which we think, could be invoked in aid of this class of legislation and it is thus stated by the Supreme Court of Massachusetts in *Bartlett* v. *King,* 12 Mass. 545. A subsequent statute revising the whole subject-matter of a former one and evidently intended as a substitute for it, although it contains no express words to that effect, must, on principles of law as well as in reason and common sense, operate to repeal the former.

This doctrine and rule of construction is approved and applied by this Court in *Montell* v. *Consolidated Coal Co.,* 39 Md. 164; *State* v. *Falkenham,* 73 Md. 463; *Leitch* v. *Leitch,* 114 Md. 336, and cases there cited; *U. S.* v. *Claflin et al.,* 97 U. S. 1082; *State* v. *Popp,* 45 Md. 437.

We rest our conclusion, however, in this case, upon the application of the rule of repeal by implication and upon the principles of implied repeal, as that rule is applied and understood, and as herein announced.

We hold, then, that there is a manifest inconsistency and a plain repugnancy, between section 52 of the Act of 1910, and section 194 of Article 27 of the Code, and that the two sections can not stand together and be executed at one and the same time; the Act of 1910 expressly repealed Article 14, sect. 10 of the Code, and repealed Article 27, section 194, by implication, leaving in force, the subject-matter and penalties fixed by the Acts of 1910, for the violation of those respective statutes. *Dundalk Ry. Co.* v. *Smith.* 97 Md. 181.

It will be borne in mind, we are here dealing with a penal statute, and, as was said by the Supreme Court of Massachusetts, in *Ellis* v. *Paige,* 1 Pick. 45, "to hold otherwise would be to impute to the Legislature gross carelessness or ignorance, which is altogether inadmissible." *State* v. *Long,* 94 Md. 637.

It was also contended that the indictment was defective in substance and, for that reason, the demurrer to the indictment was properly sustained. As we have determined that the judgment must be affirmed, for the reasons already stated, it becomes unnecessary to pass upon this question.

We think the demurrer in this case was properly sustained, and as it is well settled' that after the repeal of a law, no penalty can be enforced nor punishment imposed for its violation, when in force, without a saving clause in the repealing statute, the indictment must fall. *Keller* v. *State,* 12 Md. 322; *Beard* v. *State,* 74 Md. 134.

*Judgment affirmed.*