# VIGLIOTTI *v.* COMMONWEALTH OF PENNSYLVANIA.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 530. Argued March 14, 1922.—Decided April 10, 1922.

The law of Pennsylvania of May 13, 1887, known as the Brooks Law, which prohibits sale of spirituous liquor without a license, is not at variance with but rather in aid of the prohibitions of the Eighteenth Amendment and the National Prohibition Act, and was not superseded by them. P. 408.

271 Pa. St. 10, affirmed.

ERROR to a judgment of the Supreme Court of Pennsylvania affirming a conviction and sentence of the plaintiff in error for a violation of a law of the State against selling liquor without a license.

*Mr. Frank Davis, Jr.,* and *Mr. H. S. Dumbauld,* with whom *Mr. E. C. Higbee* and *Mr. A. E. Jones* were on the brief, for plaintiff in error.

The Brooks Law is a regulation of the sale of intoxicating liquors. *Schlaudecker* v. *Marshall*, 72 Pa. St. 200, 206; *Raudenbusch's Petition*, 120 Pa. St. 328; *Venango County Liquor License*, 58 Pa. Super. Ct. 277; *Gregg's License*, 36 Pa. Super. Ct. 633.

So much of the law as relates to liquors not intoxicating in fact is only incidental to this primary object. Construed otherwise than as a regulation of the sale of intoxicating liquors, the law violates the Fourteenth Amendment.

The law therefore conflicts with the Eighteenth Amendment, *National Prohibition Cases*, 253 U. S. 350; and such parts as do not are not separable and the statute must fall as a whole, *Employers' Liability Cases*, 204 U. S. 463; *Warren* v. *Mayor*, 2 Gray, 84; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 564.

The purpose of the Eighteenth Amendment and the Volstead Act is to annihilate the traffic in intoxicating liquors and thereby eliminate the evils that flow from it.

The purpose of the Brooks Law was not to destroy this traffic. It undertook to minimize the evils attendant upon the unregulated sale of intoxicating liquors by establishing a system where such sales could be made only by persons and at places licensed for that purpose by the Courts of Quarter Sessions, to the extent that was necessary for the accommodation of the public.

The two systems are diametrically opposite. *United States* v. *Yuginovich*, 256 U. S. 450; *State ex rel. Rose* v. *Donahey*, 100 Oh. St. 104; *Draper* v. *State*, 6 Ga. App. 12; *State* v. *Tonks*, 15 R. I. 385.

Section 1 of the Eighteenth Amendment is an absolute prohibition throughout the entire territorial limits of the United States. *National Prohibition Cases*, 253 U. S. 350. In and of itself it conferred upon Congress a power to legislate for its enforcement. Concurring opinion White, Ch. J., 253 U. S. 390; Const., Art. I, § 8, cl. 18.

The Thirteenth Amendment, § 1, is closely analogous. *Civil Rights Cases,* 109 U. S. 3. The whole subject-matter of the manufacture, importation, exportation, transportation and sale of intoxicating liquors for beverage purposes is lifted out of the control of the States and by the fundamental law of the United States absolutely prohibited. The Amendment transferred this subject-matter from the sovereignty of the respective States to the sovereignty of the United States.

The object of the Amendment was to destroy the governmental power of the several States in respect of the subject-matter embraced in it. The police power of the State is actually abolished so far as intoxicating liquors for beverage purposes are concerned. *Katz* v. *Eldredge,* 117 Atl. 841.

Since the prohibition of § 1 of the Amendment is national, Congress, the agency of national power, has the right in virtue of that section to define prohibited beverages and enact suitable regulations and provide adequate penalties to effectuate and enforce it.

The right of the States is to enforce the Amendment, as defined and sanctioned by Congress, by appropriate legislation. Section 2 of the Amendment is: " The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation." Since the same power is lodged in the States by the same words that confer it upon Congress, the fair inference is that it was in like manner conferred upon the States and not reserved to them.

Since § 1 in and of itself destroyed the police powers of the States so far as intoxicating liquors for beverage purposes are concerned, the only power of the States in connection therewith must be that granted by the Amendment itself.

The power thus granted is limited to enforcement of the Amendment, but as Congress had power and right

independently of § 2, to prescribe definitions of intoxicating liquors for beverage purposes and to make regulations and provide penalties, the power conferred by § 2 is additional or supplemental to that, and the States have no greater or different power from that specifically conferred upon Congress. *National Prohibition. Cases,* *supra,* 391.

In legislating for the enforcement of the Amendment, the States do not act in virtue of their police powers inherently possessed as sovereigns, but in virtue of a power conferred upon them by the people of the United States. In this respect they are administrative agents or mandataries of the United States. *National Prohibition Cases,* *supra,* 387, conclusions 7 and 8.

In enacting legislation for the enforcement of § 1 of the Eighteenth Amendment, Congress could have provided that, like the naturalization laws, it might be enforced in the state courts, even if § 2 did not exist, but it would not be required to do so. Section 2 does not leave it optional with Congress. Each State may determine for itself, whether it will enforce the Amendment. If it determines to do so, it is the Amendment as already made completely operative by congressional action that is to be enforced.

These questions have been considered by the Supreme Courts of a number of States. *Commonwealth* v. *Nickerson,* 236 Mass. 281; *State* v. *District Court,* 58 Mont. 684; *State* v. *Fore,* 180 N. Car. 744; *People* v. *Foley,* 184 N. Y. S. 270; *Allen* v. *Commonwealth,* 129 Va. 723; *Jones* v. *Hicks,* 150 Ga. 657; *State* v. *Green,* 148 La. 376; *Hall* v. *Moran,* 81 Fla. 706; *Burrows* v. *Moran,* 81 Fla. 662; *Johnson* v. *State,* 81 Fla. 783.

*Mr. George E. Alter,* Attorney General of the State of Pennsylvania, with whom *Mr. William A. Miller* was on the brief, for defendant in error.

Mr. Justice Brandeis delivered the opinion of the court.

In the Court of Quarter Sessions of Fayette County, Pennsylvania, Vigliotti was found guilty of selling, during the spring of 1920, spirituous liquor without a license, in violation of § 15 of the Act of May 13, 1887, P. L. 108, known as the Brooks Law. The liquor so sold was a preparation called Jamaica Ginger containing 88 per cent. of alcohol. The defendant claimed seasonably that the state law as applied deprived him of rights guaranteed by the Federal Constitution, because the sales complained of had been made after January 16, 1920, when the Eighteenth Amendment became effective, after which the Volstead Act was the only law applicable to sales of intoxicating liquors. This claim was overruled by the trial court; the defendant was sentenced; the judgment was affirmed by both the Superior Court, 75 Pa. Super. Ct. 366, and the Supreme Court of the State, 271 Pa. St. 10; and the case comes here on writ of error under § 237 of the Judicial Code as amended. The question presented for our decision is whether the provision of the Brooks Law here applied had been superseded by the Eighteenth Amendment and the Volstead Act.

The Brooks Law, as construed by the courts of the State, prohibits every sale of spirituous liquor without a license, excepting only such sales as are made by druggists; and these are forbidden to sell intoxicating liquors except on prescription of a regular physician. The law applies however small the percentage of alcohol and although the liquor is not intoxicating. It applies to liquor sold solely for industrial uses. It does not purport to confer upon anyone anywhere the right to a license; nor does it authorize the sale of liquor in any city or county having a special prohibitory law. It merely grants to the appropriate officials, where such authority exists, discretion to

give or to withhold the license under the conditions prescribed.. In case of an indictment for selling without a license, a sale is presumed to be unlawful and the burden is on the defendant to show the authority on which he acted. It is thus primarily a prohibitory law; and its prohibitory features are not so dependent upon those respecting license as to be swept away by the Eighteenth Amendment and the Volstead Act. The Supreme Court declared further that " the Brooks Law still survives, as Pennsylvania's own police power method of officially listing and adequately controlling the customary sources of general supply and distribution, to the peoples within her borders, of those kinds of liquors among which intoxicating beverages are usually found, and she may thus assist in prohibiting their illegal use as such." 271 Pa. St. 15. We, of course, accept as controlling the construction given to the statute by the highest court of the State. The question before us is whether so construed the statute violates the Federal Constitution.

The Brooks Law as thus construed does not purport to authorize or sanction anything which the Eighteenth Amendment or the Volstead Act prohibits. And there is nothing in it which conflicts with any provision of either. It is merely an additional instrument which the State supplies in the effort to make prohibition effective. That the State may by appropriate legislation exercise its police power to that end was expressly provided in § 2 of the Amendment which declares that " Congress and the several States shall have concurrent power to enforce this article by appropriate legislation." *National Prohibition Cases*, 253 U. S. 350, 387. That the Brooks Law as construed is appropriate legislation is likewise clear. To prohibit every sale of spirituous liquors except by licensed persons may certainly aid in preventing sales for beverage purposes of liquor containing as much as one-half of one per cent. of alcohol; and that is what the Volstead Act

prohibits.   If the Brooks Law as construed had been enacted the day after the adoption of the Amendment it would obviously have been " appropriate legislation."   It is not less so because it was already in existence.

*Affirmed.*

Mr. Justice Day and Mr. Justice McReynolds dissent.