HANSEL GREEN *v.* STATE OF MARYLAND
LESLIE JONES *v.* STATE OF MARYLAND
[Nos. 23, 24, 25, 26, January Term, and No. 4, April
Term, 1936.]

*Decided February 19th, 1936.*

The causes were argued before BOND, C.J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN and JOHNSON, JJ.

*James A. McAllister,* for the appellants.

*Hilary W. Gans, Deputy Attorney General,* with whom were *Herbert R. O'Conor, Attorney General, Charles T. LeViness, 3rd, Assistant Attorney General,* and *J. Gor-*

*man Hill, State's Attorney for Dorchester County,* on the brief, for the State.

SLOAN, J., delivered the opinion of the Court.

We have here five appeals, in three records, by two defendants, separately tried, but charged with the violation of the same statute, with the charges and defenses so similar that they were argued together and may be so considered.

In Nos. 23 and 24 Hansel Green had been indicted in the Circuit Court for Dorchester County in the first two counts of the indictment with unlawfully selling and disposing of a certain spirituous liquor, commonly called "whisky," and in the third count with selling and disposing of a certain compound "of which alcohol is a principal ingredient commonly called "whisky." He filed a motion for a bill of particulars, by which he asked to be particularly informed as to the statute and law under which the indictment was found, which was overruled. The point was not argued on appeal. He next filed a motion to quash the indictment "because the statute and law under which the said indictment was found and these proceedings instituted was repealed by chapter 2 of the Acts of the General Assembly of Maryland, passed at its special session of 1933," and this motion was overruled. He next (same day) filed a plea to the jurisdiction for the reasons assigned in the motion to quash, and the docket entry is, "Plea overruled," though no demurrer or other objection seems to have been interposed by the State.

The case then came to trial, before the court sitting as a jury, and the docket entry is: "The court finds the party guilty. Verdict amended by adding 'under first count.'" A motion in arrest of judgment was filed the same day, the reason assigned being: "The court was, and is, without proper jurisdiction to determine the issue involved in the above entitled case, and to try the same and to pass judgment thereon." Five days later an additional reason for the motion in arrest was filed. "That

the verdict \* \* \* is not clear, but negatives itself, in that the said verdict as amended is 'guilty under the first count,' and nothing is said therein as to the second and third counts of the indictment in this cause, by which it is implied that the verdict as to such second and third counts is 'not guilty,' so that the verdict when taken as a whole, is contradictory of itself and cannot stand." The court overruled the motion and sentenced the defendant to two years in the House of Correction, the maximum sentence which could be imposed. The defendant immediately entered an appeal from the judgment. Two days later a motion to strike out the judgment and sentence was filed on two grounds, the first of which was abandoned, the second as to remarks of one of the judges when imposing sentence in this and three other cases of the same character, which had come up on appeal from a justice of the peace, and vigorously urged in the argument of this case as a reason for setting aside the judgments. The motion was overruled, and an appeal from the order also taken.

In Nos. 25 and 26, Leslie Jones had been charged before Fred F. Stevens, described in the warrant as "Police Justice of the said State, in and for the 7th Election District of said County," with selling "unto Raymond H. Staples, one pint of whiskey, or a compound of which alcohol is a principal ingredient," and the warrant was signed by "Fred F. Stevens, Police Justice." The defendant Jones waived a jury trial, was tried by the magistrate, and sentenced to six months in the House of Correction, the minimum fixed by the Act of 1910, ch. 583 (Code Pub. Loc. Laws 1930, art. 10, sec. 367). From this judgment Jones appealed, elected to be tried by the court sitting as a jury, was found guilty, and sentenced to two years in the House of Correction, the maximum penalty fixed by the act; the increase in the sentence being ascribed by the judge imposing the sentence to the taking of a frivolous and useless appeal from the justice of the peace. The same motions and pleas were filed as in the *Green* case, with the same results and appeals to this court.

Later, Leslie Jones, as appears from the record in No. 4, April Term, 1936, advanced and argued with the other appeals, filed a motion to strike out the judgment and sentence in the case against him on the ground that the Act of 1912, ch. 698 (Code Pub. Loc. Laws, art. 10, sec. 356), providing for the designation of one of the justices of the peace for the Seventh Election District as a police justice, is unconstitutional and void, and the acts of Fred F. Stevens as such police justice are unconstitutional and void, and that he was therefore without jurisdiction to issue a warrant for and to try the said Leslie Jones for the offense wherewith he was charged, and this motion was overruled and an appeal prayed.

The chief contention of the defendants is that they were charged with the violation of a statute which had been repealed, that is, the Act of 1910, ch. 583, (Code Pub. Loc. Laws, art. 10, sec. 367), which it is contended was repealed by the Act of 1933, Sp. Sess. ch. 2, sec. 2.

The Local Law for Dorchester County, Act of 1910, ch. 583 (p. 816), Local Code, art. 10, sec. 367, provides that: "It shall be unlawful for any person or persons, firm or corporation, directly or indirectly, to sell or otherwise dispose of by way of barter within the limits of Dorchester County, any spirituous, vinous, malt, fermented or other intoxicating liquors or fermented wine or cider of any kind, medicated bitters or any compound of which alcohol is the chief or a principal ingredient." Concurrent jurisdiction is conferred on the Circuit Court and any justice of the peace of the county. The penalty is confinement in the House of Correction for not less than six months nor more than two years.

The Act of 1933, Sp. Sess. ch. 2, provided for the issuance throughout the state of beer and liquor licenses of various kinds and classifications, with such exceptions of counties and classifications as were specifically made. With the exception of Garrett, Kent, Talbot, Caroline, and Somerset counties, the comptroller, a state official, is authorized to issue a "manufacturer's license," anywhere in the state, and this includes Dorchester County, by

which any brewer or distiller may sell his or its product to any other license holder in this state, and this could be done notwithstanding the prohibition of the Act of 1910, ch. 583. The comptroller is also authorized to issue a "wholesaler's license" to any one in Baltimore City or any county of the state, except Garrett County, and he may sell his merchandise "to another license holder or to a dispensary," in spite of the provisions of the local law for Dorchester County. We are not informed whether there are any manufacturers' or wholesalers' licenses in Dorchester County, but that makes no difference, as, we have often said, laws are not only construed with reference to what has been but what may be done under them.

From the numerous classes of beer, wine, and liquor licenses which may be issued under the Act of 1933, Sp. Sess., ch. 2, Dorchester County was specially, by name, excepted from all except beer licenses, "Class A (Off Sale)," "Class B (On Sale)—Hotels and Restaurants," and "Class C (On Sale)—Clubs" and these are the only classes of licenses, aside from manufacturers' and wholesalers', which may be issued in and for Dorchester County. The Legislature met the situation that might arise in Dorchester or any other county operating under the general law or any of its provisions, from sales made by one not having a license, by providing (section 1, subd. 2) that "no person shall at any time manufacture, blend, rectify, bottle, import or sell * * * or keep or suffer to be kept on his premises, in his possession or under his charge or control for the purpose of sale and delivery within this State, any alcoholic beverage without a license as hereinafter provided," and this not only covers every offense prohibited in Dorchester County by the local law of 1910, but more. This is not a mere regulatory provision, but is prohibitory as well. See *Ulman v. State*, 137 Md. 642, 113 A. 124; *Molinari v. State*, 141 Md. 565, 119 A. 291; *Weisengoff v. State*, 143 Md. 638, 123 A. 107; *Commonwealth v. Vigliotti*, 271 Pa. 10, 115 A. 20; *Id.*, 258 U. S. 403, 42 S. Ct. 330, 66 L. Ed. 686.

The Act of 1933, Sp. Sess. ch. 2, did not in terms or by reference repeal the Act of 1910, ch. 583, but it did, in addition to the statutes referred to in the act, repeal "all other laws or parts of law, whether general or local, inconsistent with the provisions of this Act."

In a leading case in this state, *Garrett v. Janes*, 65 Md. 260, 266, 3 A. 597, 599, it is said: "The general rule in the construction of statutes * * * is that a later one of a general nature does not effect the repeal of a special one, unless direct reference is made to the latter with that intent, or in terms they are so irreconcilable that a repeal by implication is manifest." It has been frequently said in this court and elsewhere that repeals by implication are not favored and will not be so held, unless there is some express reference to the previous statute, or unless there is a manifest inconsistency in the two, or their provisions are so repugnant that they cannot stand together. *Cumberland v. Magruder*, 34 Md. 381, 389; *Garitee v. Baltimore*, 53 Md. 422, 435; *Smith v. School Commrs. of Dorchester County*, 81 Md. 513, 32 A. 193; *Frostburg Mining Co. v. C. & P. R. Co.*, 81 Md. 28, 29, 31 A. 698; *State v. Yewell*, 63 Md. 120; *State v. Northern Cent. Ry. Co.*, 90 Md. 447, 45 A. 465; *Baltimore City v. Davis*, 120 Md. 403, 87 A. 690; *Redmond v. State*, 155 Md. 13, 141 A. 383; 59 *C.J.* 910, secs. 514, 519.

It is also a rule that where there is a legislative intent to pass a general law as a substitute for local laws, the later general law will operate to repeal the prior local laws. *Cumberland v. Magruder*, 34 Md. 381, 389; *Montel v. Consolidation Coal Co.*, 39 Md. 164; *State v. Gambrill*, 115 Md. 506, 81 A. 10; *Bay Bridge Ferry Co. v. Queen Anne's County*, 160 Md. 398, 153 A. 441; 59 *C.J.* 919, sec. 520; *State v. Coblentz*, 167 Md. 523, 527, 175 A. 340.

While the Act of 1933, Sp. Sess. ch. 2, Code (Supp. 1935) art. 2B, does not apply throughout the state, it does have general application to all counties and political subdivisions of the state not specially excepted by the terms of the act. So far as it affects the prior local law for Dorchester County, which forbade the sale of any kind of

alcoholic beverages in that county, the local law is so inconsistent with the provisions of the general law, Act of 1933, as to make them irreconcilable, and it was manifestly the intention of the Legislature to have the general law apply to all counties of the state, not specially excepted from all of any of its provisions, and to substitute the provisions of the general law for the local.

For the manifest differences and inconsistencies which we have indicated, we are of the opinion that the provisions of the local law are so repugnant to those of the general law as to work a repeal of the Act of 1910, ch. 583.

The appellee, the State, contends, however, that even if the defendants were not charged under the proper statute, the defective statute should have been attacked on demurrer, and that for the failure to demur the validity of the indictment against Green cannot be attacked by motion to quash or in arrest of judgment. This was the method pursued in the case of *State v. Gambrill,* 115 Md. 506, 81 A. 10, and the appellee insists that under the provisions of article 27, section 553, of the Code, the failure to demur waives the defect in the indictment. *McCurdy v. State,* 151 Md. 438, 441, 135 A. 161; *Simmons v. State,* 165 Md. 155, 168, 167 A. 60. It is said in *Hochheimer's Crim. Law,* sec. 117, that: "As a general rule, refusal to quash cannot be assigned as error (*State v. McNally,* 55 Md. 559); but it has been held that a judgment quashing an indictment may be reviewed." *State v. Williams,* 5 Md. 82; *Smith v. State,* 45 Md. 49. It has been held, however, by this court, in *Close v. Southern Md. Agricultural Assn.,* 134 Md. 629, 108 A. 209, 211, that: "If the lower court is without jurisdiction to act, this court can review its action, either on appeal or writ of error, or of its own motion, and it is not necessary that the question of jurisdiction shall have been raised below, as section 9 of Article 5 of the Code does not apply to such question." See *Bramble v. State,* 88 Md. 683, 687, 42 A. 222; *Davidson v. State,* 77 Md. 388, 395, 26 A. 415.

It would present a queer situation, if a record showed a sentence imposed for the violation of a repealed statute, that this court should be helpless to interfere with such unwarranted action of a trial court. In *Keller v. State,* 12 Md. 322, decided in 1858, six years after the passage of the Act of 1852, ch. 63, sec. 2, now section 553 of article 27 of the Code, although the question was submitted by agreement, the motion to quash was granted on appeal and the judgment reversed. The act under which the appellant had been indicted and adjudged guilty had been repealed after the judgment had been affirmed, when a motion was made, within the term, to correct the ruling of the court, and enter a judgment of reversal; this court there saying: "The question, now submitted, must be disposed of as if the act of 1858 had been passed before the judgment was affirmed. If the record is properly before us the motion must be granted. It is well settled, that a party cannot be convicted, after the law under which he may be prosecuted has been repealed, although the offense may have been committed before the repeal * * * unless some special provision be made for that purpose by statute." See *Beard v. State,* 74 Md. 130, 134, 21 A. 700; *State v. Gambrill, supra; State v. American Bonding Co.,* 128 Md. 268 97 A. 529. In the *Keller* case, *supra,* the objection was made by the State that there should have been a demurrer or motion in arrest. In *Smith v. State,* 45 Md. 49, pending the appeal, the statute under which the indictment was found and conviction had was repealed, and this court on motion quashed the indictment. In these and many other cases this court has declared that the decision must be in the light of the law existing when the final judgment is made, and when appealed the judgment is not final until this court speaks. *Day v. Day,* 22 Md. 530, 539; *Wade v. St. Mary's Indus. School,* 43 Md. 178, 181; *Bramble v. State,* 41 Md. 435, 442; *Beard v. State,* 74 Md. 130, 135, 21 A. 700.

But aside from the question of procedure raised by the State, pleas to the jurisdiction were entered and overruled in the cases of Green and Jones, and as there was

concurrent jurisdiction in both the Circuit Court and justice of the peace under the Act of 1910, which we hold was repealed, and jurisdiction under the Act of 1933, Special Session, is in the Circuit Court alone, the validity of the Act of 1910 was properly presented on the record.

In the case of Leslie Jones, the warrant was issued by Fred F. Stevens, "Police Justice, * * * in and for the 7th Election District of Dorchester County," who was a justice of the peace appointed for that district by the Governor of Maryland. The contention of the State is that the Circuit Court for Dorchester County is the appellate court, and the court of last resort on appeals from the justice of the peace. In *Rayner v. State*, 52 Md. 368, it was said: "It is only where the Circuit Court has proceeded without right or jurisdiction to hear and decide the case that an appeal or writ of error may be taken to this Court to reverse the judgment thus unwarrantably rendered," but "having invoked that jurisdiction and submitted himself to it, and the case having been regularly tried, he has no redress by an appeal or writ of error to this Court." *Queen v. State*, 116 Md. 678, 680, 82 A. 656. In this case we have held that the justice of the peace and the Circuit Court had proceeded under a statute that had ceased to exist, and that neither the justice nor the Circuit Court had jurisdiction, and therefore no authority to proceed with the trial of the defendant. The only question then is whether Jones has laid the foundation for an appeal to this court. What Judge Pattison said, in the leading case of *Green v. State*, 113 Md. 451, 455, 77 A. 677, 679, of the procedure in such cases justifies the defendant Jones appealing in this case, and that is: "The defendant raised this question by filing his plea to the jurisdiction of the court below and moving to quash the proceedings, which he had a right to do. As was said in the case of *Josselson v. Sonneborn*, 110 Md. 546, 73 A. 650, the filing of a motion to quash in cases of such character 'is an appropriate method to have the question of the jurisdiction of the lower court determined, and, while bills of exception are not allowed in trials of

cases on appeal from judgments of justices of the peace (*Cole v. Hynes*, 46 Md. 181), the evidence taken before the court below upon motion to quash may be properly certified to this court as was done in this case."

While what we have said decides the case, there is another question raised by Jones in No. 4, April Term, 1936, and that is, the qualifications of the justice of the peace, Stevens, and his constitutional authority to act in this or any other case as "police justice" for Election District 7 in Dorchester County. To avoid the question of the validity of his acts being raised again, it had better be settled now. This court did not decide anything in the case of *Humphreys v. Walls*, 169 Md. 292, 181 A. 735, from which it might be inferred that the designation of Fred F. Stevens as "police justice" for the Seventh Election District of Dorchester County was invalid. The Governor met the requirements of the Constitution, art. 4, sec. 42, by appointing him as one of the justices of the peace for the Seventh Election District (Act of 1904, ch. 31, Local Code, art. 10, sec. 344), and then, by virtue of the Act of 1912, Local Code, art. 10, sec. 356, designated Stevens as police justice, who qualified as such in the manner prescribed by the statute, which provided that before he shall "act as such shall give bond to the State of Maryland in the penalty of $1,000 * * * to well and faithfully perform the duties and obligations of justice of the peace." He took the oath of office on May 6th, 1935, as "police justice," and gave bond as "police justice." Later, on December 26th, 1935, he gave bond and took the oath of office as "A Justice of the Peace of the State of Maryland, in and for the Seventh Election District of Dorchester County and designated Police Justice for said District." It makes no difference what he may be called; he is a justice of the peace, and as such exercises the duties of his office. His appointment having been as a justice of the peace for Election District No. 7 does not hinder the Governor from designating him as a police justice. The case of *Levin v. Hewes*, 118 Md. 624, 86 A. 233, is decisive against the defendant Jones of every

question here raised by him as to the qualifications of the justice of the peace, Stevens. The case of *Day v. Sheriff of Montgomery County*, 162 Md. 221, 159 A. 602, is not applicable here, as all that was decided there was that the Governor could not appoint a justice of the peace, to be called a "police justice," for a town, instead of for a county or for an election district, unless the town constitutes an election district, or a county unit, as Baltimore City. In the opinion of this court the designation of Fred F. Stevens as police justice, after his appointment as justice of the peace, does not render his official acts as "police justice" invalid.

In view of what we have said and decided, it is not necessary to discuss the motions to strike out the sentences because of the remarks of the court, in which the reasons for increasing the sentence of Jones from six months to two years took up nearly two pages of the record. Our refraining from discussing this feature of the record is because it is unnecessary to a decision, and not because it meets with our approval.

> *Judgments in Nos. 23, 24, 25, and 26 reversed.*
> *Order in No. 4, April term, 1936, affirmed, with costs to the appellee.*