MAYOR AND COUNCIL OF EASTON *v.* COUNTY
COMMISSIONERS OF TALBOT COUNTY

[No. 62, October Term, 1937.]

*Decided January 12th, 1938.*

The cause was argued before BOND, C. J., URNER,

OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHN-SON, JJ.

*Edward T. Miller*, with whom was *E. Scott Tyler* on the brief, for the appellant.

*Henry Herbert Balch*, for the appellee.

BOND, C. J., delivered the opinion of the Court.

An Act of 1920, chapter 25, since embodied in article 21, section 233, of the Code of Public Local Laws, provided that the County Commissioners of Talbot County should "pay annually to the Mayor and Council of Easton, Talbot County, the sum of twenty-five hundred dollars, ($2,500.00), out of the county taxes levied upon the property within the limits of the town of Easton, in said county, to be disbursed by the Mayor and Council of Easton for the permanent improvement of the streets and road beds in said town of Easton, or to be applied toward the payment of any bonded indebtedness that may be incurred by the said Mayor and Council of Easton for the permanent improvement of the streets and road beds of said town." The town was required to furnish the county commissioners each year an itemized statement, with vouchers, showing the expenditure of at least that amount of money for the purposes stated, and the money would then be payable to the town. That amount of money was expended on its streets and road beds in the years 1935 and 1936, as well as in other years, and the fact of the expenditures was duly shown to the commissioners, but the commissioners declined to pay the $2,500 for those years because they construed an Act of 1933, chapter 425, continued in force by an Act of 1935, chapter 465 (Code Pub. Gen. Laws, art. 89B) to suspend the requirement in the Act of 1920. Disputing this construction, the town brought this suit, a verdict for the commissioners was directed by the trial court, and from the judgment entered accordingly the appeal is taken by the town.

The Act of 1933, continued by the Act of 1935, was an act concerning expenditures of the special fund known as the "One and One-half Cent Lateral, County and Municipal Road Gasoline Tax Fund." It provided that the remainder of that fund, after the state treasurer should have paid three-tenths to the Mayor and City Council of Baltimore, should be credited to the State Roads Commission, and should be allocated by it to the counties in the proportion which the public road mileage of the several counties bears to the entire road mileage in the counties of the state, for the construction of lateral roads as a part of the State Roads system; for the construction, reconstruction, and maintenance of county roads or the streets of incorporated towns, and in connection therewith to build or maintain bridges on those roads and streets, and for the payment of interest or matured debt on bonds issued by the counties or municipalities; and for these purposes authority was given for the transfer of employees and equipment of the counties for road work to the State Roads Commission. There was added a provision for expenditure of part of the two cent gasoline tax imposed under the provisions of the Code of Public General Laws, art. 56, sec. 212. And then followed a provision the effect of which is the particular subject of dispute, section 7F, added by section 2 of the act, which is as follows: "The County Commissioners or other duly constituted local authorities are hereby relieved from the requirements of existing law with respect to levying a minimum amount or a minimum rate for road maintenance purposes, and the portion of all public local laws making such requirement is hereby suspended."

There is a general provision for suspension of all laws inconsistent with the provisions of the enactment.

Under a section 407 of article 21 of the Code of Public Local Laws, a minimum of fifteen per cent of the taxes in Talbot County was required to be used for the maintenance, repair, construction, and reconstruction of roads and bridges.

The section of the Act of 1933 relieving the commissioners from levying the statutory minimum would not in itself bear a construction that it suspended a statutory requirement that the county commissioners turn back to a town for road purposes a portion of the taxes collected from the town. The two provisions are distinct, and the words of the relieving section 7F refer to one only. The preamble of the Act of 1933 contains an equally restricted description of the purpose, in the same words as the section itself indeed. Therefore, only by implication from the whole act of 1933, if at all, could the suspension of the requirement for paying back the town's portion of taxes be found.

On behalf of the commissioners it is contended that the act is intended as a comprehensive provision for work on roads and streets, which must supersede incidental parts of the former system, including that for paying back this town portion. *Bay Bridge Ferry Corp. v. Queen Anne's County,* 160 Md. 398, 406, 153 A. 441; *Green v. State,* 170 Md. 134, 140, 183 A. 526. But a general statute is not presumed to repeal any part of an existing one by implication. As a rule the repeal is not effected unless by direct reference. *Green v. State, supra.* The Act of 1933 here is evidently a broad provision for road work, but it is not an exclusive provision. It does not interfere to relieve town property from taxation to any extent. Nor does it relieve towns of all duties in building and maintaining their highways, or of all the burden of bonded debt incurred for that purpose. These duties, and correlative liabilities, remain, except in so far as the act may relieve a town of its obligations with respect to highways on which work may be done by means of money from the "One and One-half Cent" tax. The towns may still have the taxes to pay and the specified amount of expenditures to make on roads and streets.

It seems to this court that the Act of 1933 cannot be given the effect contended for, and that the town, having shown the required amounts to have been expended by it on roads and streets, is still entitled to be reimbursed

from taxes paid the county. And disagreeing in this with the view of the trial court, this court finds error in the direction of the verdict for the defendants.

*Judgment reversed and a new trial awarded with costs.*