## STATE OF MARYLAND *v.* EMERSON CLIFTON

[No. 20, January Term, 1940.]

*Decided January 25th, 1940.*

The cause was argued before BOND, C. J., OFFUTT, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *Calvin Harrington, Jr., State's Attorney for Dorchester County,* on the brief, for the State.

*James A. McAllister,* with whom was *J. Gorman Hill* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Emerson Clifton, the appellee, was indicted on April 25th, 1939, and arrested, on the charge of selling an alcoholic berverage in Dorchester County without a license in violation of the State Alcoholic Beverages Act. Acts of 1933, Extra Sess., ch. 2; Code (Supp. 1935), art. 2B, sec. 2.

The statute has been amended by an Act of the Legislature which took effect on June 1st. Acts of 1939, ch. 775. The Act repealed article 2B, section 2, and enacted another section in its place; but it. did not change the penalty for violations thereof: a fine of not more than $1000 or imprisonment for not more than two years, or both fine and imprisonment in the discretion of the court.

On November 1st, the appellee filed a motion to quash the indictment on the theory that the statute under which the indictment had been found was repealed. The court granted the motion, and from the order quashing the indictment an appeal was taken by the State.

It is a general rule of the common law that after a statute creating a crime has been repealed no punishment can be imposed for any violation of it committed while it was in force. *Keller v. State,* 12 Md. 322; *Smith v. State,* 45 Md. 49; *State v. Gambrill,* 115 Md. 506, 81 A. 10. But it is also a fundamental principle that the law does not favor repeals by implication. No court should ever adjudge that a repeal has occurred except when it is inevitable or the language of the act shows plainly that the Legislature intended it. Such a legislative intent is never presumed. If there is any question whether a repeal was intended, the statute is strictly construed. So, after the Legislature had passed an act prescribing for the first time in Maryland a statutory penalty for the common law misdemeanor of keeping a disorderly house, this court held that the intention of the Legislature was not to release from punishment those who had already been indicted, but to retain the common law penalty in force for all cases which had arisen prior to the passage of the act, and to apply the statutory penalty to all cases

which might arise subsequent to its passage. *Beard v. State,* 74 Md. 130, 21 A. 700.

By the Act of 1939, section 2 was in effect repealed and re-enacted with amendments. There is no indication in its language that the Legislature intended to abolish the crime of selling an alcoholic beverage without a license, and to establish an entirely different crime. Both the crime and the penalty for its commission remain unchanged. The appellee complained because section 53D was added to the Alcoholic Beverages Act, thereby conferring jurisdiction upon justices of the peace concurrent with the circuit courts to try cases of alleged violations of the statute; but this grant of concurrent jurisdiction, effective on June 1st, did not have the effect of releasing any one indicted prior to June 1st. It is well settled in this state that when a statute is repealed and re-enacted with amendments, and the amended statute contains substantially the same provisions as the original, the continuity of the original as to those provisions is not affected. *Ireland v. Shipley,* 165 Md. 90, 166 A. 593; *Board of Dental Examiners v. Lazzell,* 172 Md. 314, 191 A. 240.

But even if the penal section enacted in 1933 had been absolutely repealed by the Acts of 1939, the State could nevertheless prosecute the present case through the operation of the general saving statutes, which have been in force in Maryland since their enactment by the Legislature in 1912. One section, copied from the general saving clause enacted by Congress in 1871, 1 U. S. Code Ann. sec. 29, provides that the repeal of any statute shall not have the effect of releasing or extinguishing "any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." Acts of 1912, ch. 365; Code, art. 1, sec. 3. The other section provides for a saving of penalties, forfeitures and liabilities after "the repeal, or the

repeal and re-enactment, or the revision, amendment or consolidation of any statute, or of any section or part of a section of any statute, civil or criminal." Acts of 1912, ch. 120; Code, art. 89A, sec. 1. While the repeal of a statute prevents any further proceedings thereunder at common law, it is well established that where there is a saving clause granting to the state or federal government the right to punish for offenses committed before the repeal, the general rule is rescinded. The saving clause may be contained in the repealing statute, or it may be a general provision which applies to all penal statutes. In either case, it has the effect of continuing the repealed statute in force for the purpose of punishing for the offenses committed prior to the repeal. 89 *A. L. R.* 1515. The federal saving clause has been held by the United States Supreme Court to save any prosecution for a pending violation committed during the time a statute was in force, even though the statute was repealed before the time of the trial. *United States v. Reisinger,* 128 U. S. 398, 9 S. Ct. 99, 32 L. Ed. 480; *Great Northern Rwy. Co. v. United States,* 208 U. S. 452, 28 S. Ct. 313, 52 L. Ed. 567.

The attorneys for the appellee argued that the court did not apply the general saving statutes in the cases of *State v. American Bonding Co.,* 128 Md. 268, 97 A. 529, and *Green v. State,* 170 Md. 134, 183 A. 526. But in neither of those procedings did it appear that any penalty, forfeiture, or liability had actually been incurred. In *State v. American Bonding Co.,* the County Commissioners of Prince George's County were suing on the bonds of the road directors and the engineer on the ground that they had not apportioned certain road funds in the manner directed by the Legislature. The court found that it was open to question whether the direction as to apportionment of the funds was mandatory; that all of the money had been expended in the county for the benefit of the county and "the county, as a county, was in no wise injured;" and that the County Commissioners had not acquired under the act any vested right

in their corporate capacity. In *Green v. State*, the defendants had been charged with the violation of a statute after it had been repealed, and obviously the general saving statutes could not have been invoked.

As the Alcoholic Beverages Act was not repealed, and, even if it had been repealed, the prosecution of the appellee would be saved by the general saving statutes, the court below erred in quashing the indictment.

*Order reversed, and cause remanded, with costs.*