# Daniel W. Braden, Plff. in Err., v. Benjamin F. Campbell.

Adverse possession may ripen into a good title, notwithstanding it was begun under an alleged gift which was not sufficient to pass the property.

(Decided October 19, 1885.)

Error to the Common Pleas of Greene County to review a judgment on a verdict for defendant in ejectment.  Affirmed.

The action was brought by Braden against B. F. Campbell. Benjamin Campbell, the father of the defendant, became the owner of the lot in controversy by purchase from James W. Hays, who conveyed it to him by deed dated January 26, 1846. Benjamin Campbell died August 17, 1876, leaving a will of which his two sons, William and Rufus, were the executors. Some years before his death he became deeply involved in debt and died utterly insolvent.  On January 11, 1877, his executors presented their petition to the orphans' court, asking an order to sell the real property of their testator, including the house and lot in controversy, for payment of debts; the order was granted, and, in pursuance thereof, the executors sold the said house and lot to D. W. Braden, the plaintiff, for the sum of $930, and, the purchase money having been paid, executed to him a deed dated July 13, 1877.  He then brought this action to recover possession.  It was once before tried, when the judge took the case from the jury and held that, as matter of law, the defendant had failed to establish the gift alleged.  Judgment upon this verdict was reversed by the supreme court in Campbell v. Braden, 96 Pa. 388; the court holding that, even as to the parol gift, there was evidence which should have been submitted to the jury, that the gift itself is of little account, for "it must be remembered, that in this state twenty-one years'

---

Note.—Where the entry is under the claim of right, there must be some decisive act or declaration to make possession adverse.  Hood v. Hood, 2 Grant Cas. 229; McMasters v. Bell, 2 Penr. & W. 181.  If the occupation be under the real owner, some clear disaffirmance of the title brought home to the party must appear in order to lay the ground for the acquiring of ownership by adverse possession.  Cadwalader v. App, 81 Pa. 194; Sheaffer v. Eakman, 56 Pa. 144; Martin v. Jackson, 27 Pa. 504, 67 Am. Dec. 489; St. Clair v. Shale, 9 Pa. 252.

See editorial note to Schafer v. Hauser, 35 L. R. A. 835, containing a full presentation of the authorities as to title by adverse possession by donee under parol gift.

adverse and uninterrupted possession does much to cure infirm titles. Such possession is, indeed, without more, title of itself;" and that "the real question is not so much, what was intended by the donor, as what the donee's understanding was; what he claimed and did. Did he consider the gift absolute, and under that idea did he hold adversely to his father, for a period of twenty-one years? If he did, that is a full answer, and an end of this question of title. In that event the defendant's right is good as against any and every claimant whatever."

Upon the present trial the defense claimed that Benjamin Campbell, in the spring of 1854, made an absolute parol gift of an entry lot to his two sons, the defendant and R. K. Campbell; that in partition between them the eastern half of the lot was taken by the defendant; that he immediately went into possession of that part of the lot, and made valuable improvements thereon; and that he continued in possession uninterruptedly, paying the taxes and claiming and holding the eastern half as his own. The evidence in support of the alleged gift consisted mostly of loose declarations made by Benjamin Campbell to his neighbors, to the effect that "he had given the property to Frank," that "it was Frank's" and that "he had nothing to do with it." The evidence as to the improvements showed that they consisted of a frame dwelling-house and some out-buildings of trifling value; that the dwelling-house was erected partly by the defendant, and partly at the expense of Benjamin Campbell; and that the rents of the property for three or four years would be sufficient to reimburse the defendant for his repairs.

On the part of the plaintiff, it was claimed that the original arrangement between Benjamin Campbell and the defendant, under which the defendant went into possession, was not an absolute gift, but was merely an arrangement, such as is common between father and son, whereby the defendant was to occupy, use, and enjoy the property as a home for himself and family, not as owner, but in the expectation that it would, some time, be secured to him or to his family; and that, consequently, his possession was permissive.

The judge instructed the jury substantially as follows: "First, has there been such a parol gift from the father to the son as would be inequitable and unjust to rescind? Did the father make an absolute gift at the time he gave the property to the son? Did he take immediate possession and make valuable

improvements on it? If you are satisfied from the evidence on this point, then your verdict should be for the defendant. If you are not satisfied on this point, but you are satisfied that he took possession of it in 1854 and adversely to his father, holding it as his own and claiming it as his own adversely to his father, and has held it from that time on down for a period of twenty-one years or more, then your verdict should be for the defendant. But if you should find that there was no such parol gift, or that he did not take immediate possession, or that the possession has not been continuous and adverse, but that he took possession of the property and held it in subordination to his father's title, then the defendant would not be entitled to your verdict, and you should find for the plaintiff."

The jury found for the defendant, and the plaintiff brought error.

*Wyly, Buchanan, & Walton* for plaintiff in error.

*Black, Purman,* and *Downey* for defendant in error.

PER CURIAM:

It must be conceded that the evidence of gift, in itself, is insufficient to pass a good title to the defendant. It, however, shows an entry under a claim of right, and the other evidence shows a continuous possession and adverse holding under a claim of right for more than twenty-one years.

Judgment affirmed.