**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1839
_____

KELVIN RICARDO MOLINA MORILLO,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                            Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-132-975)
Immigration Judge:  Honorable Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 12, 2018

Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: October 17, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Kelvin Ricardo Molina Morillo ("Molina") petitions for review of an order of the

Board of Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Judge's ("IJ") decision that found him removable and denied his applications for relief. We will deny the petition for review.

## I.

Molina, a citizen of the Dominican Republic, entered the United States as a permanent resident at the age of six in 1993. In December 2015, he was convicted of possession of a forged instrument and bribery in violation of New York law. He was placed in removal proceedings and charged with being removable for having been convicted of two crimes involving moral turpitude, and for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(R) [8 U.S.C. § 1101(a)(43)(R)].[1] A.R. 580. About a year later, an additional charge was lodged, noting that Molina had been convicted in November 2015 of possession of forged money orders in violation of 18 U.S.C. § 500, which constituted an aggravated felony as defined in INA § 101(a)(43)(M)(i) [8 U.S.C. § 1101(a)(43)(M)(i)].[2] A.R. 576.

The IJ sustained the charges and informed Molina that he would be ineligible for most forms of relief because of his criminal convictions. A.R. 96-97. However, although the IJ determined that Molina had been convicted of an aggravated felony, he concluded that Molina's crimes were not "particularly serious," making him eligible to apply for withholding of removal, as well as protection under the Convention Against Torture

---

[1] Subsection "R" defines an aggravated felony as "an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year."

[2] Subsection "M(i)" defines an aggravated felony as "an offense that--(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."

("CAT"). A.R. 97. The IJ ultimately denied relief, however, because Molina had not met the high burden of showing that it was more likely than not that he would be persecuted based on a protected ground.[3] A.R. 105.

The BIA agreed with the IJ that Molina's conviction under 18 U.S.C. § 500 was an aggravated felony as defined in subsection (M)(i). A.R. 2. The BIA found it unnecessary to consider whether Molina had also been convicted of an aggravated felony as defined in subsection (R). Id. n.1. As for relief, the BIA agreed that Molina had not shown "that his life or freedom would be threatened in the future in the Dominican Republic on account of a protected ground," as he had not "shown that he is a member of a particular social group within the meaning of the Act." A.R. 3. The BIA also affirmed that Molina had not shown that it was more likely than not that he would be tortured in the Dominican Republic. A.R. 4.

Molina filed a timely petition for review. In his brief, he argues only that the agency erred by determining that his conviction under 18 U.S.C. § 500 constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i).

## II.

We have jurisdiction under 8 U.S.C. § 1252(a), but because of Molina's convictions, our review is confined to constitutional claims and legal claims. 8 U.S.C. § 1252(a)(2)(C), (D). Where, as here, the BIA issues its own opinion, we review that

---

[3] Molina claimed he would be persecuted by co-defendants who viewed him as a "snitch" and that he would be persecuted because he would be viewed by Dominicans as "Americanized" and wealthy, due to his many years in the United States.

3

decision, but to the extent it adopts some of the IJ's determinations, we may look to the IJ's decision for its analysis. See Dutton-Myrie v. Att'y Gen., 855 F.3d 509, 515 (3d Cir. 2017). We review the legal conclusions in a single-member non-precedential opinion of the BIA de novo, deferring to the conclusions "only insofar as they have the power to persuade." Singh v. Att'y Gen., 807 F.3d 547, 550 (3d Cir. 2015).

The scope of our review is limited to the sole issue raised by Molina's brief: whether his conviction is an aggravated felony under subsection (M)(i). All other issues are waived. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004). The Government argues that we need not reach the issue of whether Molina is removable under subsection (M)(i), because he remains removable for having committed two or more crimes involving moral turpitude, and for having committed a commercial bribery aggravated felony. Resp. Br. at 15. But, as the Government recognizes, the BIA did not reach the issues of whether those convictions rendered Molina removable. Id. at 10-11. We thus cannot deny Molina's petition for review on that alternative basis. See Konan v. Att'y Gen., 432 F.3d 497, 501 (3d Cir. 2005) ("It is a bedrock principle of administrative law that judicial review of an agency's decision is limited to the rationale that the agency provides."); Dutton-Myrie, 855 F.3d at 515 ("If the Board relies only on some of the [IJ's] grounds given for denying relief, we review only these grounds."). We thus continue with a discussion of the sole issue before us—whether Molina's conviction under 18 U.S.C. § 500 renders him removable because it is an aggravated felony under subsection (M)(i).

III.

4

As noted, to constitute an aggravated felony under subsection (M)(i), the conviction must "involve[] fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Molina does not contest that his conviction involved fraud or deceit; he only challenges the way the agency determined the loss amount. As the parties agree, courts are to use a circumstance-specific approach in determining loss amounts for subsection (M)(i), rather than a categorical approach, "look[ing] to the facts and circumstances underlying an offender's conviction" to determine the loss amount. Nijhawan v. Holder, 557 U.S. 29, 34, 40 (2009). The loss amount must be tethered to the offense of conviction. Id. at 42.

Molina argues that although the loss due to his conviction was stipulated to be between $120,000 and $200,000, that amount "contains relevant and general conduct from the un-convicted counts of the petitioner's indictment" and that the Government did not meet its burden of showing that there was a loss of over $10,000 that was tethered to Count Five, the count of conviction. Pet. Br. at 10. The Government counters that under the Mandatory Victims Restitution Act of 1996, a court can order restitution only if it "finds that 'an identifiable victim or victims has suffered a physical injury or pecuniary loss' as a 'direct[ ] and proximate[ ]' result of the offense. 18 U.S.C. § 3663A(a)(1) & (2), (c)(1)(B)." Resp. Br. at 19.[4]

---

[4] The Government also properly distinguishes Singh v. Attorney General, 677 F.3d 503, 513 (3d Cir. 2012), where this Court stated that the Government's reliance on the MVRA and the restitution order in establishing the (M)(i) loss amount was misplaced. In Singh, the restitution order was issued "pursuant to an express agreement by the parties, not the MVRA." Id. We noted in that case that orders issued pursuant to such an agreement were not necessarily "limited to actual losses from the offense of conviction." Id. But

The Government is correct. The Order of Restitution states that Molina "shall pay restitution in the total amount of $93,621.43, to be distributed *to the victims of the offense charged in Count Five* on a pro rata basis." A.R. 404 (emphasis added). Thus, the amount is over $10,000, and one can infer that the Court found that amount to be owing to the victims of the offense of conviction. See Nijhawan, 557 U.S. at 42-43 (immigration court properly considered "defendant's own stipulation, produced for sentencing purposes" and "court's restitution order" in determining loss amount). While Molina appears to argue that the sentencing court got the amount wrong, Molina cannot challenge his restitution order in immigration proceedings or in his petition for review here. Id. at 42 (citing with approval the Government's argument that the determination of the loss amount in immigration proceedings "is not an invitation to relitigate the conviction itself").[5]

In sum, the IJ here properly relied on the restitution order to determine the loss amount of Molina's crime of conviction. Because that loss amount exceeded $10,000,

_____

the record before us does not suggest that the restitution order in *Molina's* case is based on any such agreement.

[5] In his opening brief, Molina noted that he had filed a petition for a writ of coram nobis in the sentencing court. We take judicial notice that his petition has since been denied. See United States v. Molina, E.D.N.Y. Crim. No. 15-cr-00065 (Dkt. #175, opinion and order entered Aug. 15, 2018). The Court also filed an amended judgment on August 16, 2018, which is identical to the earlier criminal judgment, except that it includes an amount of $93,621.43 for restitution—the amount that was previously set forth only in a separate restitution order. See id., Dkt. #176 (amended judgment); Dkt. #112 (original judgment); Dkt. #144 (restitution order).

6

Molina is removable due to an aggravated felony, as defined in subsection (M)(i). We will therefore deny the petition for review.